[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16969
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 23, 2010
JOHN LEY
CLERK

D. C. Docket No. 00-00059-CR-ORL-19JGG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFRED VILFRANC,
a.k.a. Alfred Villfranc,
a.k.a. Jermaine Bently,
a.k.a. Fro,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 23, 2010)

Before BIRCH, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Alfred Vilfranc appeals *pro se* the district court's denial of his motion for general relief. The district court construed Vilfranc's motion as a motion to alter or amend the criminal judgment entered against him and concluded that it lacked jurisdiction to grant such relief. After review of the record and the parties' briefs, we discern no reversible error and AFFIRM.

## I. BACKGROUND

Vilfranc pled guilty to obstructing interstate commerce by robbery and brandishing a firearm during a robbery, in violation of 18 U.S.C. §§ 1951(a) and 924(c)(1)(A), respectively. R1-361 at 1. The district court sentenced Vilfranc to a total of 161 months of imprisonment and entered a final judgment of conviction against him on 22 May 2003. Id. at 1-2. Vilfranc did not pursue a direct appeal. More than five years later, in September 2008, Vilfranc filed a "Motion for General Relief," in which he requested that the district court "unfile" his criminal judgment, and then re-file it so he could pursue a direct appeal of the sentence he received on the firearm charge. R1-420 at 1-2. Vilfranc contended that he did not file a timely appeal of his sentence due to the ineffective assistance of his trial attorney. *Id.*

The district court denied Vilfranc's motion on 10 November 2008. R1-421 at 2. The court concluded that Vilfranc could not collaterally attack his sentence

2

through such a motion and, therefore, it lacked subject matter jurisdiction to grant the requested relief. Id. at 1-2. If Vilfranc wished to assert an ineffective assistance of counsel claim, the court advised, the proper vehicle for doing so was a 28 U.S.C. § 2255 motion to vacate. *Id.* at 2 n.2.[1]

## II. DISCUSSION

On appeal, Vilfranc argues only that his trial counsel was ineffective for failing to pursue an appeal of his sentence. He contends that he cannot properly brief the issue of ineffective assistance because he does not have "all the facts." Appellant's Brief at 5. He therefore requests that we grant him discovery, an evidentiary hearing, and an opportunity to appeal.

We review *de novo* a district court's determination that it lacked subject-matter jurisdiction. *United States v. Rendon*, 354 F.3d 1320, 1324 (11th Cir. 2003). Although we construe *pro se* briefs liberally, issues not raised on appeal by a *pro se* litigant are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir.) (per curiam), *cert. denied*, 129 S. Ct. 74 (2008).

In his brief on appeal, Vilfranc argues the merits of his ineffective assistance

---

[1] Vilfranc filed a notice of appeal from the court's order on 10 December 2008. R1-424. Although Vilfranc's notice of appeal was untimely under Federal Rule of Appellate Procedure 4(b)(1)(A), we construed it as a motion for an extension of time under Rule 4(b)(4) and remanded to the district court to determine whether Vilfranc's failure to file a timely appeal was due to excusable neglect or good cause. *See* R1-429. On remand, the district court found excusable neglect. *See* R1-436. Vilfranc's appeal is thus properly before this court.

of counsel claim and requests various forms of relief, but he alleges no error in the district court's conclusion that it lacked jurisdiction to re-file Vilfranc's criminal judgment with a new date. Insofar as Vilfranc has failed to brief this issue, it is deemed abandoned.[2] *See id.* Accordingly, the judgment of the district court is

**AFFIRMED.**

---

[2] We also do not address Vilfranc's argument, raised for the first time in his reply brief, that the district court denied him due process by failing to hold an evidentiary hearing. *See id.* ("[W]e do not address arguments raised for the first time in a *pro se* litigant's reply brief.").