[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14759
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 9, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:09-cv-00305-SDM-TGW

UNITED STATES OF AMERICA,

Plaintiff,

WILLIAM SEAN MICHAEL LOWRY,

Plaintiff-Appellant,

versus

WALGREEN COMPANY, INC.,

Defendant-Appellee

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 9, 2011)

Before EDMONDSON, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

William Lowry appeals the dismissal of his False Claims Act *qui tam* action against Walgreen Company, Inc. (Walgreen) and the denial of his motion for leave to file a third amended complaint. On appeal, Lowry argues the district court misinterpreted the term "actual charge on the claim for program benefits" in 42 C.F.R. § 414.904. After review, we affirm.[1]

The False Claims Act prohibits knowingly presenting "a false or fraudulent claim for payment or approval" or knowingly making or using "a false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3729(a)(1)(A), (B). "The False Claims Act does not create liability merely for a health care provider's disregard of Government regulations or improper internal policies unless, as a result of such acts, the provider knowingly asks the Government to pay amounts it does not owe." *United States* ex rel. *Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1311 (11th Cir. 2002).

Medicare will reimburse a health care provider for 95% of a flu vaccine's average wholesale price. 42 U.S.C. § 1395u(o)(1)(A)(iv). Section 1395u(o)'s implementing regulation states that such reimbursement is based on "the lesser of

---

[1] We review a district court's dismissal of a complaint for failure to state a claim *de novo*, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008). We also reviews issues of statutory interpretation *de novo*. *Id.*

. . . [t]he actual charge on the claim for program benefits; or . . . 95 percent of the average wholesale price." 42 C.F.R. § 414.904(a), (e).

The district court did not err in dismissing Lowry's action and denying him leave to file a third amended complaint. *See Sibley v. Lando*, 437 F.3d 1067, 1073 (11th Cir. 2005) (stating a district court may dismiss where an "amendment would be futile"). First, Lowry's second amended complaint failed to state a claim because it cited a regulation governing Medicaid reimbursements while alleging that Walgreen filed fraudulent Medicare claims. Second, an amendment would have been futile because Lowry's proposed third amended complaint also failed to state a claim under the False Claims Act. *See Sibley*, 473 F.3d at 1073. The plain language of both 42 U.S.C. § 1395u(o) and 42 C.F.R. § 414.904 merely sets an upper reimbursement limit of 95% of the vaccine's average wholesale price, and nothing in either section references a provider's advertised price or "usual and customary charge." Accordingly, we affirm the district court's dismissal of the action and the denial of leave to file a third amended complaint.

**AFFIRMED.**