NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1563
_____

ZAID NASSAR,
                              Petitioner
                    v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                              Respondent


_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A089-240-365)
Immigration Judge:  Honorable Andrew R. Arthur
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 26, 2011
Before:  SLOVITER, FISHER AND WEIS, Circuit Judges

(Opinion filed: July 28, 2011)
_____

OPINION
_____

PER CURIAM.

        Zaid Nassar petitions for review of a final order of removal.  For the

reasons discussed below, we will dismiss in part and deny in part the petition for review.

        Nassar, a citizen of Jordan, was admitted to the United States on a six-

1

month tourist visa in 1989, and stayed beyond that period without authorization.  In November 2008, Nassar was convicted in the United States District Court for the Southern District of Ohio of conspiracy to possess with intent to distribute oxycodone, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C).  He was sentenced to 57 months' imprisonment.  As a result of this conviction, the Department of Homeland Security initiated removal proceedings against Nassar, contending that he was removable because, among other things, he had been convicted of an aggravated felony.  See 8 U.S.C. § 1227(a)(2)(A)(iii).  Nassar applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

During a hearing before an Immigration Judge (IJ), Nassar testified that he had lived virtually his entire life in the United States and did not wish to return to Jordan.  He feared that he would be harmed in Jordan because (1) he was of Palestinian descent; (2) he has been in prison; and (3) he is Americanized.  However, he did not know of anyone possessing any of these characteristics who had been persecuted or tortured in Jordan; to his knowledge, his parents had not been harmed when they lived in that country.

The IJ found Nassar removable as charged, and denied all relief.  The IJ first concluded that Nassar was not eligible for asylum because he had been convicted of a "particularly serious crime" under 8 U.S.C. § 1158(b)(2)(A)(ii).  The IJ observed that for purposes of asylum, an "aggravated felony" is per se particularly serious, see § 1158(b)(2)(B)(i), and Nassar's drug conviction qualified as an aggravated felony.  The

2

IJ rejected Nassar's withholding-of-removal claim for similar reasons. Aliens who have been convicted of a particularly serious crime are also ineligible for withholding of removal. See 8 U.S.C. § 1231(b)(3)(B)(ii). In the withholding-of-removal context, an aggravated felony for which the alien has been sentenced to less than five years' imprisonment is not a particularly serious crime per se; rather, "it [is] left up to the Attorney General" to make the determination. Lavira v. Att'y Gen., 478 F.3d 158, 161 (3d Cir. 2007), overruled on other grounds by Pierre v. Att'y Gen., 528 F.3d 180 (3d Cir. 2008) (en banc). The IJ here applied the factors set forth in In re Y-L-, 23 I. & N. Dec. 270, 272 (AG 2002), and concluded that Nassar, although sentenced to a term of less than five years, had been convicted of a particularly serious crime and was thus also ineligible for withholding of removal. The IJ further held that even if Nassar's drug conviction did not qualify as a particularly serious crime, he would still not be entitled to withholding of removal because he had failed to show that he would be persecuted if he returned to Jordan. Finally, the IJ rejected Nassar's CAT claim because he had failed to establish that it was more likely than not that he would be tortured in Jordan.

Nassar appealed the IJ's decision to the Board of Immigration Appeals (BIA), which agreed with the IJ's opinion in full and thus dismissed the appeal. Nassar then filed a timely petition for review in this Court.

Our jurisdiction to review the final order of removal in this case is limited because Nassar was found removable for having committed an aggravated felony. See 8 U.S.C. § 1252(a)(2)(C). We agree with the BIA that Nassar's crime — possessing with

3

intent to distribute oxycodone in violation of 21 U.S.C. § 841(a)(1)[1] — is an aggravated

felony. A conviction qualifies as an aggravated felony if it is for a crime that is

punishable under the Controlled Substances Act (CSA), see 8 U.S.C. § 1101(a)(43)(B);

18 U.S.C. § 924(c)(2), and for which more than one year's imprisonment may be

imposed, see Lopez v. Gonzales, 549 U.S. 47, 56 n.7 (2006). Nassar's conviction under

§ 841 meets these requirements: § 841 is part of the CSA and prescribes a maximum

penalty of 20 years' imprisonment, see § 841(b)(1)(C). Therefore, we possess

jurisdiction over only constitutional claims and questions of law. See 8 U.S.C.

§ 1252(a)(2)(D).

As the government points out, however, Nassar's primary arguments on

appeal do not implicate constitutional or legal issues. Instead, he takes issue with the

way that the agency weighed the evidence in the record. More specifically, he argues

that contrary to the BIA's conclusions, he will certainly be harmed if he returns to Jordan.

However, the question of "what is likely to happen to the petitioner if removed" is a

factual question. Kaplun v. Att'y Gen., 602 F.3d 260, 271 (3d Cir. 2010); see also

Jarbough v. Att'y Gen., 483 F.3d 184, 189 (3d Cir. 2007) ("courts have recognized

---

[1] Nassar was actually convicted of conspiracy to distribute oxycodone. Conspiracy to commit an aggravated felony is itself an aggravated felony. See 8 U.S.C. § 1101(a)(43)(U). We therefore must consider whether the substantive crime that was the object of the conspiracy — here, possessing with intent to distribute oxycodone in violation of 21 U.S.C. § 841(a)(1) — qualifies as an aggravated felony, as discussed above. See Tran v. Gonzales, 414 F.3d 464, 468 n.3 (3d Cir. 2005); see also Kamagate v. Ashcroft, 385 F.3d 144, 152-53 (2d Cir. 2004).

arguments such as that an Immigration Judge or the BIA incorrectly weighed evidence, failed to consider evidence or improperly weighed equitable factors are not questions of law under  1252(a)(2)(D)").  We thus lack jurisdiction to consider such claims.

Arguably, Nassar has raised one legal issue — that the BIA erroneously interpreted "torture" under the CAT.  To the extent that Nassar presents this argument, we reject it.  The IJ defined "torture" by reference to our decision in Auguste v. Ridge, 395 F.3d 123, 151 (3d Cir. 2005), and the BIA adopted the IJ's decision on this issue in full.  Auguste's definition of "torture" remains accurate, see generally Kang v. Att'y Gen., 611 F.3d 157, 165 (3d Cir. 2010) (relying on similar articulation), and we thus perceive no legal error in the agency's analysis of this issue.[2]

Accordingly, we will deny the petition for review.

---

[2]     These are the only arguments that Nassar has raised in his brief, and we will review only those arguments that he has actually presented.  See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal."); see also Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) ("While we read briefs filed by pro se litigants liberally, issues not briefed on appeal by a pro se litigant are deemed abandoned[.]" (internal citation omitted)).