[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12439
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 30, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-21887-JAL

JORGE LUIS TAPANES,

Petitioner-Appellant,

versus

STATE OF FLORIDA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 30, 2012)

Before MARCUS, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Jorge Luis Tapanes, proceeding pro se, appeals the district court's dismissal

of his 28 U.S.C. § 2254 federal habeas petition.  We granted a certificate of appealability (COA) on two issues: 1) whether the district court erred in failing to construe Tapanes's 28 U.S.C. § 2254 petition as a 28 U.S.C. § 2255 motion; and 2) whether, pursuant to 28 U.S.C. § 1631, the district court should have transferred the petition, as construed, to the United States District Court for the Middle District of Florida, where Tapanes's federal criminal judgment was entered.

Tapanes's brief on appeal does not address either of these issues.  As a result, we conclude that Tapanes has abandoned them.  See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by pro se litigants liberally, issues not briefed on appeal . . . are deemed abandoned." (citations omitted)).  As for those issues that Tapanes has briefed, we cannot address them.  Our precedent makes it clear that, under 28 U.S.C. § 2253(c)(3), our review is "limited to the issues specified in the COA order."  Hodges v. Att'y Gen., State of Fla., 506 F.3d 1337, 1340 (11th Cir. 2007).  The judgment of the district court is therefore

**AFFIRMED.**