[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 27, 2008
THOMAS K. KAHN
CLERK

No. 07-12797
Non-Argument Calendar

_____

D. C. Docket No. 06-01544-CV-T-27TBM

JOHN TIMSON,

                                                                Plaintiff-Appellant,

versus

SOPHIA M. SAMPSON, President and or Exec
Director St. Vincent De Paul of South
Pinellas, Inc., et al. and her agents,
d.b.a. The Center of Hope,
MARY E. HAUSMAN, STVD - Center of Hope,
JACKIE WILLIAMS, STVD - Center of Hope
Program Director,
MARY JO NELSON, Coordinator and case
worker,
NIKKI BARFIELD, Social Worker VA
Representative Liaison, et al.,

                                                                Defendants-Appellees,

UNITED STATES OF AMERICA,
Ex. Rel.,

                                                                Movant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

**(February 27, 2008)**

Before MARCUS, WILSON and FAY, Circuit Judges.

PER CURIAM:

John Timson, proceeding pro se, appeals the district court's dismissal of his pro se qui tam action under the FCA, 31 U.S.C. §§ 3729-3733. Timson makes two arguments on appeal. First, he argues that the district court erred in dismissing his complaint because, as a pro se relator, he was unable to maintain a qui tam action under the FCA. Second, he argues that the district court abused its discretion in declining to exercise supplemental jurisdiction over his state law claims. For the reasons set forth more fully below, we affirm.

As an initial matter, Timson also appeals the stay of his motion for a temporary restraining order; however, the merits of this appeal render that issue moot. See BankWest, Inc. v. Baker, 446 F.3d 1358, 1363-63 (11th Cir. 2006).

I.

We review de novo the district court's grant of a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), accepting the allegations in the

2

complaint as true and construing them in the light most favorable to the plaintiff. Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006). We also review de novo questions of statutory interpretation. Burlison v. McDonald's Corp., 455 F.3d 1242, 1245 (11th Cir. 2006).

The FCA permits a private individual, called a qui tam[1] "relator," to file a civil action against, and recover damages on behalf of the United States from, any person who:

> (1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval; (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government.

31 U.S.C. §§ 3729(a)(1)-(2), 3730(b)(1), (c)(3); United States ex rel. Clausen v. Laboratory Corp. of America, Inc., 290 F.3d 1301, 1308 n.4 (11th Cir. 2002). Section 3730(b)(1) of the FCA states that actions brought by private individuals "shall be brought in the name of the Government." 31 U.S.C. § 3730(b)(1). Regarding the rights of the parties to qui tam actions, the FCA provides, first, that "[i]f the government proceeds with the action, it shall have the primary responsibility for prosecuting the action, and shall not be bound by an act of the

---

[1] "Qui tam is short for 'qui tam pro domino rege quam pro se ipso in hac parte sequitur,' which means 'who pursues this action on our Lord the King's behalf as well as his own.'" Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1237 n.1 (11th Cir. 1999).

person bringing the action[,]" 31 U.S.C. § 3730(c)(1), and second, "[i]f the government elects not to proceed with the action, the person who initiated the action shall have the right to conduct the action[,]" 31 U.S.C. § 3730(c)(3). "The United States is the real party in interest in a qui tam action under the False Claims Act even if it is not controlling the litigation." United States ex rel. Walker v. R&F Properties of Lack County, Inc., 433 F.3d 1349, 1359 (11th Cir. 2005). "The purpose of the Act . . . is to encourage private individuals who are aware of fraud being perpetrated against the government to bring such information forward." Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1237 n.1 (11th Cir. 1999).

The FCA is silent on whether a private individual can bring a qui tam suit pro se. See 31 U.S.C. §§ 3729-3733. The plain language of the FCA does not limit qui tam actions to those private individuals employing counsel. See 31 U.S.C. § 3730(b)(1), (c)(3). The FCA simply states that "[a] person may bring a civil action" under the FCA "for the person and for the United States Government." 31 U.S.C. § 3730(b)(1).

We have yet to decide the issue of whether a private individual can bring a qui tam suit pro se. Those Circuits that have considered the issue have held that pro se relators may not prosecute qui tam actions. See Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1126-28 (9th Cir. 2007); United States ex

4

rel. Lu v. Ou, 368 F.3d 773, 775-76 (7th Cir. 2004); see also United States v. Onan, 190 F.2d 1, 6-7 (8th Cir. 1951). Their rationale is persuasive.

Section 1654, Title 28, the general provision permitting parties to proceed pro se, provides: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654 (emphasis added). The provision appears to provide a personal right that does not extend to the representation of the interests of others. Accord Stoner, 502 F.3d at 1126. As noted above, "[t]he United States is the real party in interest in a qui tam action under the False Claims Act . . . ." United States ex rel. Walker, 433 F.3d at 1359. Therefore, Timson does not have authority under 28 U.S.C. § 1654 to proceed pro se in this qui tam action, and is without any authority to do so unless the FCA authorizes relators to litigate a qui tam suit pro se.

As noted above, the FCA is silent as to whether a private individual can bring a qui tam suit pro se. See 31 U.S.C. §§ 3729-3733. The plain language of the FCA draws no distinction in an individual's ability to bring a qui tam suit based upon whether or not that individual is represented by counsel. See 31 U.S.C. § 3730(b)(1), (c)(3). The absence of an explicit authorization for qui tam suits to be brought pro se could indicate, however, an intention by Congress that qui tam

5

suits be brought according to § 1654 and "the established procedure which requires that only one licensed to practice law may conduct proceedings in court for anyone other than himself." Stoner, 502 F.3d at 1127; see also Onan, 190 F.2d at 6. Moreover, the safeguards Timson outlines do not sufficiently replace adequate legal representation for the United States's interests, particularly where the United States would be bound by the judgment in future proceedings.

To the extent that Timson argues that he should be allowed to sever his interests under the FCA from the interests of the United States, that approach would be inconsistent with the purpose of the FCA, which is to aid the government in combating fraud through an incentive to private individuals aware of such fraud. See Ragsdale, 193 F.3d at 1237 n.1. That approach would also conflict with the fact that the United States is the real party in interest in a qui tam suit.

For all these reasons, the district court did not err in dismissing Timson's complaint because Timson could not maintain a qui tam suit under the FCA as a pro se relator.

## II.

As an initial matter, the government argues that we are without jurisdiction to review the dismissal of Timson's state law claims because his notice of appeal fails to explicitly reference the claims' dismissal. "Where an appellant notices the

appeal of a specified judgment only[,] this court has no jurisdiction to review other judgments or issues which are not expressly referred to and which are not impliedly intended for appeal." Whetstone Candy Co. V. Kraft Foods, Inc., 351 F.3d 1067, 1079-80 (11th Cir. 2003) (quotation omitted). Timson's notice of appeal indicates that he is appealing the district court's order dated May 18, 2007, in which the district court sua sponte raised the issue of its supplemental jurisdiction over Timson's state law claims. Therefore, the issue is properly before this Court. See Whetstone, 351 F.3d at 1079-80.

Timson, however, fails to address the issue in his opening brief. He argues in his reply brief that his retaliatory discharge claim provided an independent basis for federal subject-matter jurisdiction. While we read briefs filed by pro se litigants liberally, Lorisme v. I.N.S., 129 F.3d 1441, 1444 n.3 (11th Cir. 1997), issues not briefed on appeal by a pro se litigant are deemed abandoned, Horsley v. Feldt, 304 F.3d 1125, 1131 n.1 (11th Cir. 2002). Moreover, we do not address arguments raised for the first time in a pro se litigant's reply brief. Lovett v. Ray, 327 F.3d 1181, 1183 (11th Cir. 2003). Timson, thus, has abandoned this issue.

In light of the foregoing, the judgment of the district court is

**AFFIRMED.**

7