[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-15085
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 16, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-01355-CV-ORL-28JGG

IRA KOVES,

                                                        Plaintiff-Appellant,


versus


CITY OF ORLANDO, FL,
a municipal corporation,
JON E. HATHAWAY,
GREGORY T. DOUBERLEY,
KIRK GLOVER,

                                                        Defendants-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 16, 2009)

Before DUBINA, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Ira Koves appeals pro se the summary judgment in favor of the City of Orlando and three of its police officers, Jon Hathaway, Gregory Douberley, and Kirk Glover, and against Koves's complaint of false imprisonment, excessive force, and battery. The district court ruled that the officers had probable cause to arrest Koves and did not use excessive force or commit a battery during that arrest. We affirm.

## I. BACKGROUND

Koves filed a complaint in a Florida court against the City of Orlando and Officers Hathaway, Douberley, and Glover and alleged that he suffered injuries during his arrest for disorderly conduct and resisting arrest at the Orlando International Airport. The defendants removed the case to the federal district court. After Koves filed an amended complaint, the defendants filed motions to dismiss two claims for relief. The district court twice issued scheduling orders that notified the parties that the "[f]ailure to oppose" a motion for summary judgment "may result in the entry of a judgment for the movant without further proceedings." The first order provided the nonmovant twenty days to oppose a motion, but the second order provided the nonmovant thirty days to oppose a motion for summary judgment. The district court dismissed Koves's complaint

2

without prejudice to his right to file an amended complaint.

In August 2007, Koves filed a second amended complaint against the City and the officers. Koves alleged that the officers assaulted and falsely arrested him after he refused to leave the ticket counter of Spirit Airlines. Koves alleged that, when he requested boarding passes for himself, his "two 8 year old twin sons[,] and their 8 year old friend," a Spirit representative, Gerri Wilson, told Koves that he had been "shut out" of the flight. Koves questioned Wilson, but she failed to give a reason for the decision and warned Koves that she would call airport security if he did not leave the ticket counter. When Officers Hathaway, Douberley, and Glover arrived, they explained to Koves that they would arrest him if he did not move away from the ticket counter. The officers then "tackled" Koves and "violently" threw him face down on the floor, one officer "wilfully or intentionally jumped or fell" on his right leg, then the officers prodded him through the airport "while his terrified children watched helplessly." Koves alleged that his behavior did not suggest that he was violent or would become violent and he did not resist the officers. Koves also alleged that he was fifty-one years old at the time of the incident, he had undergone heart surgery six months earlier, and he took medication for anxiety.

On April 18, 2008, the City, Hathaway, Douberley, and Glover moved for

3

summary judgment and presented evidence that Koves obstructed the airline ticket counter and refused to cooperate with the officers' investigation. According to the officers, Koves became irate after Wilson told Koves that he was too late to board his flight. After Koves argued with Wilson using profanity and refused to leave the ticket counter, another Spirit representative, Linda Sheldon, called airport security. Officers Hathaway, Douberley, and Glover arrived at the scene and asked Koves to move away from the ticket counter and to produce identification. Koves refused, became belligerent, and "swung" at Officer Glover, at which point the three officers placed Koves under arrest. To contain Koves, Officer Glover grabbed Koves's right shoulder, Officer Hathaway grabbed Koves's right arm, and Officer Douberley grabbed his left side. Koves "resisted by stiffening his body," and the officers lowered Koves to the floor to apply handcuffs. Koves was transported to the Orange County Jail and charged with disorderly conduct and both resisting with and without violence. The City and the officers submitted copies of the depositions of Sheldon and Officers Douberley and Glover, and an affidavit from a third airline agent, Wanda Brooks. Koves did not oppose the motions.

On August 6, 2008, the district court granted summary judgment in favor of the City and the officers. The district court held that the officers were entitled to

4

qualified immunity against Koves's allegations of false arrest and excessive force because the officers had probable cause to arrest Koves and the officers used de minimis force to make the arrest. The district court also ruled that Koves's allegations of battery against the City and the officers "fail[ed] as a matter of state law."

Koves later mailed two letters to the district court. The district court entered an order stating that "[m]ailings directly to the Court are improper." The district court ordered the clerk to strike the docket entries and to return the letters to Koves.

## II. STANDARDS OF REVIEW

We review the refusal to review a pleading for abuse of discretion. See Young v. City of Palm Bay, Fla., 358 F.3d 859, 863–64 (11th Cir. 2004). Under this standard, "so long as the district court does not commit a clear error in judgment, we will affirm the district court's decision." Id. We review a summary judgment de novo. Skop v. City of Atlanta, Ga., 485 F.3d 1130, 1136 (11th Cir. 2007).

## III. DISCUSSION

Koves challenges the summary judgment in favor of the City and Hathaway, Douberley, and Glover. Koves argues that the district court failed to consider his

opposition to the motions for summary judgment, but he concedes that his opposition was untimely. He contends that if the district court had considered the facts recited in a letter written by his stepdaughter, the court "would have concluded that genuine issues of material fact exist."

The record does not establish that Koves opposed the motions for summary judgment. Koves asserts that he filed an opposition that was untimely, but there is no entry on the docket sheet to support Koves's assertion. Koves asks that we consider a letter written by his stepdaughter, but the letter is not in the record. We cannot review evidence not considered by the district court. See Selman v. Cobb County Sch. Dist., 449 F.3d 1320, 1332 (11th Cir. 2006) ("In deciding issues on appeal we consider only evidence that was part of the record before the district court.").

Koves offers no basis for relief. Koves did not submit to the district court any evidence to dispute the facts presented by the officers. Although Koves alleges that his stepdaughter can corroborate his version of events, there is no statement in any of Koves's pleadings to suggest that she witnessed the incident. Koves does not otherwise argue that the district court erred, and he has abandoned any other challenge to the summary judgment. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by pro se litigants liberally,

6

issues not briefed on appeal by a pro se litigant are deemed abandoned." (citations omitted)).

## IV. CONCLUSION

We **AFFIRM** the summary judgment in favor of the City and Officers Hathaway, Douberley, and Glover.