[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16294
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 19, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00585-CV-J-34TEM

HARRIETT HUGHES WALLACE,

Plaintiff-Appellant,

versus

DUVAL COUNTY PUBLIC SCHOOL SYSTEM,
VICKI REYNOLDS,
Asst. Superintendent HR,
DANNY FOYE,
Supervisor, HR Civil Service/Labor Relations,
JANICE HUNTER,
General Director, Academic Programs,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 19, 2010)

Before EDMONDSON, BIRCH and MARTIN, Circuit Judges.

PER CURIAM:

Harriett Hughes Wallace, an African-American female proceeding *pro se*, appeals the district court's order granting summary judgment in favor of her employer, Duval County Public School System ("DCPSS"), on her discrimination, retaliation, and harassment claims brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

On appeal, Wallace does not challenge the district court's determination that she was not entitled to relief under Title VII. She has therefore abandoned any argument that the district court erred in granting summary judgment on her Title VII claims. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." (citations omitted)). Instead, she argues only that her involuntary transfer to a "surplus" position without notice violated the terms of a collective bargaining agreement between her union and employer. Even broadly construed, however, neither her *pro se* complaint nor her response to the defendants' motion for summary judgment fairly raise this issue. This being the case, the issue she now raises was never presented to the district court so that court's order granting summary judgment to the defendants does not address it.

2

We have "repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court." Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004) (quotations omitted). We will not allow a plaintiff "to argue a different case from the case she presented to the district court." Irving v. Mazda Motor Corp., 136 F.3d 764, 769 (11th Cir. 1998). So we decline to address the validity of the defendants' actions under the collective bargaining agreement here.[1]

AFFIRMED.

---

[1] Wallace says we may properly address the issue because she raised it in her trial brief, which was filed more than four months after the defendants filed their motion for summary judgment and three days before the district court entered its order granting that motion. We have carefully reviewed that filing and readily conclude that it was insufficient to place the issue before the district court or to avoid summary judgment on the claims actually presented in Wallace's complaint.