[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10136
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-22782-KMW

VALENTINE B. ANDELA,

Plaintiff-Appellant,

versus

U-HAUL INTERNATIONAL INC.,
an International Corporation doing business
as U-Haul Company of Miami,
CINDY PROTO,
in Her Individual and Official Capacity
as an Owner, Manager and/or Officer of the
U-Haul Company of Miami,
HECTOR GARCIA,
in His Individual and Official Capacity as
an Owner, Manager and/or Officer of the
U-Haul Company of Miami,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 14, 2013)

Before CARNES, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Valentine B. Andela, proceeding *pro se*, appeals from the district court's order denying his motion for a permanent injunction in his action under the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*, and state law.  For the reasons set forth below, we affirm.

I.

In August 2011, Andela filed a verified complaint seeking, *inter alia*, a preliminary injunction, a writ of replevin, and damages against U-Haul International Inc., d/b/a U-Haul Company of Miami ("U-Haul"), and Cindy Proto and Hector Garcia, the alleged owners, managers, or officers of U-Haul (collectively "the defendants").

U-Haul filed a motion for a temporary or preliminary injunction against Andela requesting, *inter alia*, that he stop sending libelous and false statements concerning U-Haul to third parties.  In response to U-Haul's motion, Andela filed a cross-motion for a permanent injunction against the defendants, which is at issue in this appeal.  Andela asserted that the motion for a temporary or preliminary injunction was frivolous, and he sought to permanently enjoin the defendants from making any further frivolous filings in the action.  The district court denied

2

Andela's cross-motion for a permanent injunction and U-Haul's motion for a temporary or preliminary injunction.

Andela appealed from the district court's order.  In our Court, the defendants filed a motion to dismiss Andela's appeal for lack of appellate jurisdiction and a motion to stay further proceedings in the appeal or to extend the time to file their response brief until after we decided their motion to dismiss the appeal.[1]  Although we denied the defendants' motion to stay, we dismissed Andela's appeal except to the extent he "is appealing the district court's explicit denial of his motion for a permanent injunction."

## II.

On appeal, Andela raises several issues, including discussing his initial request for a preliminary injunction contained in his complaint, but he does not discuss the issue concerning the denial of his subsequent cross-motion for a permanent injunction, in which he sought to enjoin the defendants from filing frivolous appeals.[2]

---

[1] Andela filed a motion for affirmative relief and sanctions against the defendants, pursuant to 11th Cir. R. 27-4, 28 U.S.C. § 1927, and our inherent powers, on the basis that the defendants' appellate motions were frivolous.  We deny Andela's motion.

[2] In his appellate brief, Andela asserts that he is incorporating by reference the arguments raised in his petition for writs of mandamus filed in the district court on January 20, 2012.  We do not address the petition because he failed to comply with the requirements for filing such a petition in our Court.  *See* Fed.R.App.P. 21(a)(3); Fed.R.App.P. 24; *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (providing that, although we construe the pleadings of *pro se* plaintiffs liberally, we nevertheless have required them to conform to procedural rules).

We review the district court's decision to withhold a permanent injunction for abuse of discretion and its underlying conclusions of law *de novo*. *Alabama v. Ctrs. for Medicare & Medicaid Servs.*, 674 F.3d 1241, 1244 n.2 (11th Cir. 2012). Although we interpret briefs filed by *pro se* litigants liberally, arguments not raised in a *pro se* brief are abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

Here, even if liberally construed, Andela's brief contains no challenge to the district court's denial of his motion for a permanent injunction against the defendants. Thus, he has abandoned the only issue properly before us. *See id.* Accordingly, we affirm the district court's order denying Andela's motion for a permanent injunction.

**AFFIRMED.**

4