[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16223
Non-Argument Calendar
_____

D.C. Docket No. 6:11-cv-01054-JA-DAB


NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,

Plaintiff - Appellee,

versus


CREATION'S OWN CORPORATION,
S.C. DANIEL ROSSIGNOL, M.D.,

Defendants - Appellants.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 20, 2013)

Before MARCUS, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Creation's Own Corporation, a Florida medical practice, appeals the district court's grant of summary judgment to Nationwide Mutual Fire Insurance Company in a declaratory judgment action concerning Nationwide's duty to defend Creation's Own under a Business Owners Liability Insurance Policy.  Nationwide asked the court to declare that it had no duty to defend in a suit filed by James Coman, individually and as father and next friend of his minor son, A.J., against Creation's Own, one of its doctors, Daniel Rossignol, M.D., and others.  The Coman suit alleged tortious actions by these defendants in treating A.J.'s autism. The district court found that all eight counts alleged against the Creation's Own and Dr. Rossignol were claims based on the providing of medical services.  Thus, coverage was excluded under the policy's "professional services exclusion" which "eliminates Nationwide's duty to defend suits seeking damages for bodily injury 'due to rendering or failure to render any professional service,' including medical or health treatment, advice, or instruction."

Creation's Own presents no argument on appeal challenging the merits of this determination.  Rather, it argues that the "precise exclusionary language upon which [Nationwide] attempts to rely as a basis for avoiding coverage" came from a "Druggist's Liability Exclusion" that was not in the documents submitted with the complaint for two of the three policies covering the time period in question. Creation's Own argues it is entitled to relief because this unattached amendment,

which "served as the entire basis of the trial court's Order," modified an earlier exclusion for "[s]ervices in the practice of pharmacy" that provided an exception for an "insured whose operations include those of a retail druggist or drugstore." Creation's Own argues that because it "did . . . operate as a 'retail druggist' or 'drug store,'" it falls into the exception to the pharmacy services exclusion and therefore is entitled to coverage.

We affirm because Creation's Own has done nothing to challenge the district court's assessment that the injuries alleged were due to the providing of professional medical services. Neither did it provide any basis for disputing the district court's finding that "injury due to the rendering of professional medical services is excluded from coverage under the Policy." We decline to consider issues not briefed on appeal and they are deemed abandoned. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

Again, Creation's Own offered nothing to contradict the district court's findings, and has in no way meaningfully challenged the district court's opinion. The discussion of the "Druggist's Liability Exclusion" was not "the entire basis of the trial court's Order." To the contrary, this exclusion has no relevance to this appeal. The lack of relevance of the Druggist's Liability Exclusion is demonstrated by Creation's Own's reply brief, which did "not take issue" with Nationwide's assertion that "neither [Rossignol] nor [Creation's Own] provide

3

pharmacy services."  Because Creation's Own's alleged liability is not due to "services in the practice of pharmacy," the Druggist's Liability Exclusion offers no relief to Creation's Own from the judgment entered by the District Court in favor of Nationwide.

For these reasons, the judgment of the district court is

**AFFIRMED.**