[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12866
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cv-00174-CAR-CHW

WAYNE REDDING,
a.k.a. Wayne Reddick,

Plaintiff-Appellant,

versus

STATE OF GEORGIA,
GEORGIA DEPARTMENT OF
CORRECTIONS,
WARDEN, BALDWIN STATE PRISON,
RODNEY SMITH,
Unit Manager, Baldwin State Prison,
JORDAN,
Nurse, Baldwin State Prison, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(February 18, 2014)

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

This is a *pro se* civil rights action by a former Georgia prison inmate, Wayne Redding.  He seeks damages against former prison officials under 42 U.S.C. § 1983 for, among other things, subjecting him to cruel and unusual punishment in violation of the Eighth Amendment,[1] and Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 13121 *et seq.*  Redding alleged that from September 2011 to September 2012, while housed at Baldwin State Prison, he was denied a bottom bunk assignment, a wheel chair, and medication.  His complaint asserted that without a wheel chair, he fell and injured himself while attempting to transfer from his bunk to the toilet or to get medication.  As a result of not receiving his medication, he suffered seizures, elevated blood pressure and injuries to his heart, brain and kidneys.  He filed grievances and for that was subjected to "excessive and unnecessary forces" and "assault and battery," his wheel chair was taken away, and he was excluded from participation in services, programs and activities in violation of the ADA.  According to his complaint, Redding was a qualified disabled person and the prison officials deliberately refused to

---

[1] The Eighth Amendment is applicable to the States under the Fourteenth Amendment's Due Process Clause.  *See Robinson v. California*, 370 U.S. 660, 82 S. Ct. 1417, 8 L. Ed.2d 758 (1962).

accommodate his disability related needs, including providing him with a bottom bunk assignment.

The district court, on the defendants' motion, dismissed all of Redding's claims—with the exception of his Eighth Amendment and ADA claims—for failing to exhaust his administrative remedies in the prison system as required by the Prisoner Litigation Reform Act (PLRA), 42 U.S.C. 1997e(a).  The court dismissed his Eighth Amendment conditions of confinement claim relating to his lone relevant exhausted grievance—an assignment to a top bunk despite having a bottom bunk profile—and his ADA claim, both for failure to state a claim for which relief may be granted.

Redding now appeals, arguing that it would have been fruitless for him to exhaust the prison's grievance procedure, that he alleged a valid Eighth Amendment claim, and that there was a triable issue of fact as to whether his assignment to a top bunk violated the ADA.

## I.

The dismissal of a district court action for failure to exhaust administrative remedies is reviewed *de novo*.  *Johnson v. Meadows*, 418 F.3d 1152, 1155 (11th Cir. 2005).

The PLRA requires that "such administrative remedies as are available" must be exhausted before any action can be brought under federal law regarding

prison conditions.  42 U.S.C. § 1997e(a).  Exhaustion of administrative remedies is mandatory even in situations when utilizing a prison's administrative procedures would prove fruitless.  *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998).

There is a two-step process for reviewing a motion to dismiss based on failure to exhaust administrative remedies.  *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).  First, the court looks at the factual allegations in the motion for dismissal and in the plaintiff's response, and taking them in the light most favorable to the plaintiff, determines whether the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies.  *Id*.  If the complaint is not subject to dismissal under the plaintiff's version of the facts, the court must make specific findings of fact to resolve whether exhaustion occurred, with the burden on the defendant to show that it did not.  *Id*.  The exhaustion bar is applied at the time the legal action is first brought.  *Goebert v. Lee County*, 510 F.3d 1312, 1324 (11th Cir. 2007).

Redding argues on appeal that he should be excused from his failure to exhaust the prison's grievance procedure, because doing so would have been a futile exercise.  However, this contention is off-base because exhaustion is always mandatory under the PLRA.  *Alexander*, 159 F.3d at 1326.  Furthermore, the district court made specific findings, based on reliable evidence attached to the defendants' motion to dismiss, that Redding had exhausted his administrative

4

remedies on only two grievances before filing his complaint, and that one of the two exhausted complaints was irrelevant to Redding's complaint. *See Bryant*, 530 F.3d at 1373 (holding that a failure to exhaust administrative remedies under the PLRA should be treated as a matter in abatement, and therefore the district court did not err by acting as a factfinder). Therefore, the district court did not err in concluding that Redding had exhausted his administrative remedies for only one relevant grievance, and dismissing all of his claims not related to that grievance.

II.

We review an order granting a Rule 12(b)(6) motion to dismiss for failure to state a claim *de novo*. *Ironworkers Local Union 68 v. AstraZeneca Pharm., LP*, 634 F.3d 1352, 1359 (11th Cir. 2011). In doing so, allegations in the complaint are accepted as true and construed in the light most favorable to the plaintiff. *Timson v. Simpson*, 518 F.3d 870, 872 (11th Cir. 2008).

A complaint stating a claim for relief must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The plaintiff's factual allegations must give rise to more than a speculative right of relief, assuming all allegations in the complaint are true. *Bell Atl. Comp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). Thus, to survive a motion to dismiss, a complaint must contain sufficient facts to support a facially plausible claim of relief. *Ashcroft v. Iqbal*, 556 U.S. 662,

678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  Conclusory allegations are not entitled to a presumption of truth, and legal conclusions must be supported by factual allegations.  *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010).

To prevail on a civil rights claim under 42 U.S.C. § 1983, "a plaintiff must show that he or she was deprived of a federal right by a person acting under the color of state law."  *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).  While the Constitution does not require comfortable prisons, the Eighth Amendment's proscription of cruel and unusual punishments does mandate that prison officials "must provide humane conditions of confinement" ensuring inmates receive adequate food, shelter, clothing, and medical care.  *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994). Nevertheless, the Eighth Amendment does not authorize judicial reconsideration of every governmental action affecting a prisoner's well-being, and only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment.  *Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992).

Eighth Amendment challenges to conditions of confinement  are subject to a two-part analysis.  *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). First is the "objective component," requiring a prisoner to prove the condition they complain of is "sufficiently serious" to violate the Eighth Amendment, meaning

6

that, at the very least, it presents an unreasonable risk of serious damage to his or her future health or safety. *Id*. The risk must be "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 33, 113 S.Ct. 2475, 2481, 125 L.Ed.2d 22 (1993). Second, the "subjective component" of the analysis requires the prisoner to show that the defendant prison officials acted with a culpable state of mind, judged under a "deliberate indifference" standard. *Chandler*, 379 F.3d at 1289. To prove deliberate indifference, a prisoner must show that the defendants had subjective knowledge of a risk of serious harm, and disregarded that risk through conduct constituting more than gross negligence. *Goodman v. Kimbrough*, 718 F.3d 1325, 1332 (11th Cir. 2013).

The district court correctly concluded that Redding had not alleged sufficient facts to satisfy the subject prong of the conditions of confinement analysis. It may have been negligent to assign Redding a bunk contrary to his profile, but an Eighth Amendment claim requires conduct rising to a level above even gross negligence. *Goodman*, 718 F.3d at 1332. That was not shown here, as Redding did not allege facts showing a culpable state of mind on the defendants' part. As such, the district court did not err in concluding Redding did not state a claim under the Eighth Amendment.

III.

7

Title II of the ADA, which prohibits public entities from discriminating against disabled individuals, applies to prisoners in state correctional facilities. *See* 42 U.S.C. 12132*; Pa. Dep't of Corr.v. Yeskey*, 524 U.S. 206, 210, 118 S.Ct. 1952, 1954-55, 141 L.Ed.2d 215 (1998). To state a claim under Title II, a plaintiff must show

> (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability.

*Bircoll v. Miami-Dade Cnty.*, 480 F.3d 1072, 1083 (11th Cir. 2007) (citing *Shotz v. Cates*, 256 F.3d 1077, 1079 (11th Cir. 2001)).

The Eleventh Amendment, however, bars a damages action against a state in federal court, unless there has been a waiver by the state or valid congressional override. *Kentucky v. Graham*, 473 U.S. 159, 169, 105 S.Ct. 3099, 3107, 87 L.Ed.2d 114 (1985). This bar also applies to suits against state officials sued for damages in their official capacity. *Id.* A state is not immune where Congress has (1) unequivocally expressed its intent to abrogate the states' immunity through a clear legislative statement, and (2) acted pursuant to a valid grant of constitutional authority. *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 72-73, 80, 120 S.Ct. 631, 640, 145 L.Ed.2d 522 (2000) (citations omitted). The ADA states that "[a] State

shall not be immune under the [E]leventh [A]mendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of this chapter." 42 U.S.C. § 12202. The Supreme Court has held that because the Fourteenth Amendment grants Congress the power to enforce its provisions, Title II of the ADA validly abrogates state sovereign immunity to the extent that it creates a cause of action for damages against states for conduct that violates the Fourteenth Amendment. *United States v. Georgia*, 546 U.S. 151, 158-59, 126 S.Ct. 877, 881-82, 163 L.Ed.2d 650 (2006).

First, Redding's argument fails because he failed to allege that his assignment was discriminatory in any way. He stated that he was given a top bunk despite being prescribed a bottom bunk, not that his disability led prison officials to give him a top bunk despite his bottom bunk profile. To the extent Redding claimed discrimination could be inferred from the absence of legitimate penological reasons for his assignment, he merely made a conclusory allegation, which was not specific enough to survive a motion to dismiss. *See Randall*, 610 F.3d at 709-10.

Additionally, the Eleventh Amendment also precluded Redding's ADA claim. As explained above, Redding's allegations did not show that the defendants' conduct violated Redding's constitutional rights, so they were entitled

9

to Eleventh Amendment immunity against his ADA claims.  Therefore, the district court did not err by dismissing Redding's ADA claim for failure to state a claim.

The judgment of the district court is

AFFIRMED.