[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13081
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cv-14411-DLG

QUENTIN WALTER,
WELDON STOUT (Deceased),

Plaintiffs - Appellants,

versus

FRANK J. AVELLINO,
and,
NANCY CARROLL AVELLINO,
together,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 28, 2014)

Before TJOFLAT, FAY and COX, Circuit Judges.

PER CURIAM:

In this securities fraud case, the Plaintiffs, Quentin Walter and Weldon Stout, allege that the Defendants, Frank Avellino and Nancy Avellino, fraudulently invested the Plaintiffs' money in Bernard Madoff's ponzi scheme.  On the Defendants' motion, the district court dismissed the Plaintiffs' complaint and closed the case, holding that the claim was untimely and failed to meet the heightened pleading requirements for security fraud.  The Plaintiffs appeal.

## I.  Facts and Procedural History

The dates and nature of the contentions advanced by the parties are important to this appeal, so we relate them in detail.

On November 12, 2012, the Plaintiffs filed a *pro se* complaint asserting a variety of state law claims related to the Defendants' alleged fraud.  (R. 1.)  Upon the Defendants' motion, the district court dismissed the complaint for lack of subject matter jurisdiction.  (R. 21.)  On March 18, 2013, the Plaintiffs filed an amended complaint alleging securities fraud in violation of Rule 10b-5.  (R. 26.)  According to the amended complaint, Stout invested $175,000 with Frank Avellino on December 29, 2006, in accounts for himself and Walter.  The investment was made with Frank Avellino's advice.  Walter also invested an additional $10,000 with Frank Avellino on June 1, 2008.  On December 9, 2008, Nancy Avellino

2

contacted Stout and told him that the funds had been invested in Madoff's Ponzi Scheme and were entirely lost.  The state law claims were not re-alleged in the amended complaint.

The Defendants moved to dismiss the amended complaint on the grounds that it was untimely and failed to plead fraud with specificity as required by the Private Securities Litigation Reform Act, 109 Stat. 737 (codified as amended in scattered sections of 15 U.S.C.) ("PSLRA").  (R. 30.)  The Defendants contended that a federal securities action had to be brought within one year of discovering the fraud and within three years of the violation according to *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 363–64, 111 S. Ct. 2773, 2782 (1991).  The Plaintiffs responded that they did not discover the Defendants' fraud until the summer of 2012.  (R. 31.)  In a separate document, the Plaintiffs also contended that under 28 U.S.C. § 1658(b) their claim had to be brought within two years of discovering the fraud and within five years of the violation.  (R. 36.)

The district court dismissed the complaint and closed the case.  (R. 45.)  The district court applied 28 U.S.C. § 1658(b)[1] to determine whether the claim was timely.  The court held that the statute of limitations commences when a potential

---

[1] "Notwithstanding subsection (a), a private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws, as defined in section 3(a)(47) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(47)), may be brought not later than the earlier of--
(1) 2 years after the discovery of the facts constituting the violation; or
(2) 5 years after such violation."  28 U.S.C. § 1658(b).

3

plaintiff has inquiry notice of a violation. According to the district court, the Plaintiffs had inquiry notice when they received Nancy Avellino's phone call admitting that their investment had been lost. Thus, the statute of limitations began to run on December 9, 2008 and concluded two years later on December 9, 2010. The district court also held in the alternative that the Plaintiffs failed to meet the heightened pleading standard for fraud. The Plaintiffs appeal.

## II. Standard of Review

We review de novo a motion to dismiss for failure to state a claim. *Timpson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008).

## III. Discussion

### A. The Statutes of Limitation and Repose

On appeal, the parties' contentions on this issue have dramatically changed. In the Appellants' Brief, the Plaintiffs contend that the district court erred by holding that inquiry notice triggered the statute of limitations because the Supreme Court has rejected the inquiry notice standard. (Appellants' Br. at 16.) In response, the Defendants do not dispute that the district court erred by applying the inquiry notice standard. Nor do the Defendants dispute that the Plaintiffs' complaint met the statute of limitations under the *Merck & Co., Inc. v. Reynolds*, 559 U.S. 633, 130 S. Ct. 1784 (2010), standard. Instead, the Defendants contend that we should affirm anyway because the Plaintiffs' complaint was untimely

4

under the five year statute of repose. (Appellees' Br. at 8.) The Plaintiffs reply that at least one investment (Walter's $10,000 investment in 2008) is within the statute of repose and that Walter's other investments should be brought in under the continuing fraud doctrine. (Appellants' Reply Br. 2, 4.)

We agree with both parties that the district court erred by applying the inquiry notice standard. In *Merck*, the Supreme Court specifically rejected the inquiry notice standard and in doing so overruled *Theoharous v. Fong*, 256 F.3d 1219, 1228 (11th Cir. 2001), and implicitly overruled *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1283 (11th Cir. 2005), which the district court relied on. *Merck*, 559 U.S. at 652, 130 S. Ct. at 1798.

In the ordinary case, we would accept the Defendants' invitation and consider whether the district court's order should be affirmed on an alternative basis, the five year statute of repose. However, at least one claim, Walter's $10,000 investment, appears to be timely under the statute of repose. And, the Plaintiffs contend that other violations may be timely under the continuing fraud doctrine. The district court has not had the opportunity to consider this issue. So, under these circumstances, we vacate the district court's order and remand for the district court to consider first these contentions about the statute of repose.

**B. The Heightened Pleading Standard for Securities Fraud**

The district court dismissed the Plaintiffs' *pro se* complaint in the alternative for failing to meet the heightened pleading standards under the PSLRA.  The Plaintiffs acknowledge that the amended complaint does not meet the heightened pleading standard, but contend that they should be allowed to amend their complaint to comply.  (Appellants' Reply Br. at 3, 6.)  The Plaintiffs never brought a motion to amend the complaint before the district court.  Of course, the Plaintiffs could not have brought a motion for leave to amend the complaint because the district court had already ruled that the claims were untimely and closed the case— amendment was futile and this appeal was their only option.

In this procedural posture, the district court has never denied a motion to amend the pleadings.  Thus, we have no district court order to review on this issue.  Furthermore, whether the Plaintiffs should have leave to amend will depend on the district court's resolution of whether their claims are timely.  If the claims are not timely, then amendment will still be futile.  The Plaintiffs should bring their motion for leave to amend before the district court on remand.

## IV. Conclusion

Accordingly, we vacate the district court's order dismissing the complaint and remand for further proceedings consistent with this opinion and the Supreme

Court's opinion in *Merck & Co., Inc. v. Reynolds*.  The Plaintiffs should bring their

motion to amend the complaint before the district court on remand.

VACATED AND REMANDED.