[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15408
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cv-01080-WKW-SRW


ANNA THOMAS,

                                                        Plaintiff-Appellant,

versus

MICHAEL F. BURKHARDT,

                                                        Defendant,

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(January 13, 2016)

Before HULL, MARCUS, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Anna Thomas, proceeding *pro se* and as substitute appellant for Alvin Thomas ("Thomas")[1], appeals the dismissal with prejudice of Thomas's civil complaint alleging breach of contract and seeking specific performance against Travelers Casualty and Surety Company of America ("Travelers"). This case concerns Thomas's work as a subcontractor on a federal project, for which he was not fully paid by the contractor. He obtained a judgment against the contractor in state court and, unable to collect on the judgment, filed a claim with Travelers, which had issued bonds at the request of the contractor to ensure payment of those who furnished materials and labor for the project.

Travelers denied the claim on the basis that it was untimely under the Miller Act, 40 U.S.C. §§ 3131–3134. Thomas then filed suit in federal court against Travelers. The district court granted summary judgment to Travelers, concluding that Thomas's claim was time barred.

On appeal, Thomas argues that the district court erred in granting summary judgment to Travelers because the Full Faith and Credit Clause imposed a duty on the district court to give effect to the state-court judgment. Thomas also argues that the principals of *res judicata* and collateral estoppel preclude Travelers from

---

[1] Thomas passed away while this appeal was pending. We granted Anna Thomas's construed motion to be substituted as the appellant.

2

raising a statute-of-limitations defense because a judgment against a principal (the contractor) establishes a surety's (Travelers's) liability as long as the surety had notice of the action against its principal.  Thomas maintains that Travelers had notice and an opportunity to contest the contractor's liability in the state-court action.  After careful review, we affirm.

## I.

Thomas was hired by Thorington Electrical and Construction Company ("TECC") as a subcontractor to perform drainage work for a project at Maxwell Air Force Base in Montgomery, Alabama.  Thomas completed work on the project in March 2006.[2]  For this work, TECC paid Thomas $90,696.47, about half of what he was owed.  Thomas brought suit against TECC in Alabama state court in January 2008 to collect the remaining amount due.  In October 2008, the state court entered judgment in favor of Thomas and ordered TECC to pay Thomas the remaining $99,172.77 owed under the subcontract.

In September 2008, Thomas notified Travelers that he intended to file a claim on payment bonds Travelers had issued for the construction projects.  In accordance with federal law, TECC had engaged Travelers to execute a series of

---

[2] The district court stated that Thomas completed work on the project on January 26, 2006, which is the date Thomas alleged in his complaint.  However, there is some indication in the record that Thomas worked through March 2006.  We construe this ambiguity in Thomas's favor and assume that Thomas completed performance in March 2006.  Nonetheless, it makes no difference to the outcome.

performance and payment bonds in favor of the United States for the project at Maxwell Air Force Base.

Thomas submitted a claim form, along with the October 2008 state judgment, to Travelers in February 2009.  After some additional communications between Travelers and Thomas, Travelers notified Thomas in August 2009 that it was denying his claim primarily because it was not timely filed under the terms of the Miller Act.  Believing that his claim was wrongfully denied, Thomas filed suit in federal court against Travelers in December 2012, seeking to recover the amount of the state-court judgment he obtained against TECC.

The district court granted summary judgment to Travelers, concluding that Thomas's action was time-barred under the Miller Act because he had not brought the action within one year of the date on which he last performed labor under the contract.  Consequently, the court dismissed Thomas's complaint with prejudice as time barred.  After unsuccessfully moving for reconsideration of the judgment, Thomas now brings this appeal.

## II.

We review a district court's grant of summary judgment *de novo*, viewing the evidence and drawing all reasonable inference in favor of the non-moving party.  *Burger King Corp. v. E-Z Eating, 41 Corp.*, 572 F.3d 1306, 1313 (11th Cir. 2009).  Under Federal Rule of Civil Procedure 56(a), summary judgment should

be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.

## III.

Here, the contract the parties entered into was for construction of a federal project and therefore properly governed by the Miller Act.[3]  The Miller Act requires a contractor to furnish performance and payment bonds to the United States "[b]efore any contract of more than $100,000 is awarded for the construction, alteration, or repair of any public building or public work of the Federal Government."  40 U.S.C. § 3131(b).  The purpose of the Miller Act is to ensure that those who furnish labor and materials for public construction projects will be paid.  *Graybar Elec. Co. v. John A Volpe Constr. Co.*, 387 F.2d 55, 58 (5th Cir. 1967).[4]  Because the Miller Act is "highly remedial in nature," it is to be liberally construed "to effectuate the congressional intent to protect those whose labor and materials go into public projects."  *Id.* (quotation omitted).

The act provides that every person who has furnished labor or materials under a contract for which a payment bond under 40 U.S.C. § 3131(b)(2) was

---

[3] Although Thomas argued before the district court that his claim was not governed by the Miller Act, he does not raise those contentions on appeal.  Therefore, Thomas has abandoned the issue.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." (citations omitted)).

[4] This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

issued, but who has not been paid within ninety days of the last day of performance, "may bring a civil action on the payment bond for the amount unpaid at the time the civil action is brought and may prosecute the action to final execution and judgment for the amount due."  40 U.S.C. § 3133(b)(1).  However, any such action "must be brought no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action."  40 U.S.C. § 3133(b)(4).

The last date that Thomas worked for or provided materials for the project was in March 2006.  Thomas did not file suit against Travelers until December 12, 2012, more than six years after he last performed under the contract.  Even assuming Thomas could rely on the date he filed suit against TECC in state court in January 2008, the action still was not timely brought within the one-year limitation period.  As a result, the district court correctly concluded that Thomas's suit against Travelers was not timely filed under the Miller Act.

Thomas does not dispute that his claim was untimely but instead argues that his existing state-court judgment should be recognized under the Full Faith and Credit Clause of the United States Constitution and 28 U.S.C. § 1738.  As a general matter, full faith and credit means that "[a] final judgment in one State, if rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgment, qualifies for recognition throughout the land."  *Baker*

*by Thomas v. Gen. Motors Corp.*, 522 U.S. 222, 232-33, 118 S. Ct. 657, 663-64 (1998).

This Circuit has established, however, that full faith and credit does not apply to a state-court judgment that would bind a surety on its Miller Act bond. *See United States Fid. & Guar. Co. v. Hendry Corp.*, 391 F.2d 13, 18 (5th Cir. 1968) ("Since only federal courts may determine a surety's liability on a Miller Act bond, a state court judgment that would bind a surety on his Miller Act bond offends the congressional mandate.  In these circumstances 28 U.S.C. 1738 has no application.").  The basis for this rule is that the Miller Act vests exclusive jurisdiction for a "Miller Action" in a federal forum—"in the United States District Court for any district in which the contract was to be performed and executed."  40 U.S.C. 3133(b)(3); *see also Hendry*, 391 F.2d at 17-18.  Thus, the district court was not required to give effect to Thomas's state-court judgment against TECC to his federal action against Travelers.

For similar reasons, Thomas's arguments that *res judicata* and collateral estoppel preclude Travelers from asserting its statute-of-limitations defense, because Travelers had notice and an opportunity to contest TECC's liability, are misguided.  The usual law of suretyship "is inapposite when the plaintiff's recovery depends upon a Miller Act bond," even if the surety had notice of a suit

against its principal.  *Hendry*, 391 F.2d at 17.  The Court in *Hendry* explained the reason for this rule:

> [T]he doctrine of estoppel against the surety rests on the principle that a surety with knowledge of a suit against the principal has a "full opportunity to defend" the suit and to protect its rights.  But there is no such equitable principle at work here.  The surety cannot protect its rights by joining in the defense of the suit.  It cannot intervene as defendant any more than it could be named as defendant in the first place.

*Id.*  Consequently, under *Hendry*, even if Travelers had notice of Thomas's suit against TECC, Thomas's state-court judgment against TECC does not bind Travelers in this federal suit under the Miller Act.

In any case, even assuming that Travelers, as surety for TECC, were bound by the state-court judgment against TECC, we cannot conclude, on this record, that there is a genuine dispute as to whether Travelers "had full knowledge [of the suit] and an opportunity to defend."  *Frederick v. United States*, 386 F.2d 481, 485 n.6 (5th Cir. 1967).  Our review of the materials in the record shows that the bench trial on Thomas's claim against TECC was held on September 24, 2008, and that Thomas first notified Travelers of his claim on the payment bond only two days beforehand, on September 22, 2008.  The record otherwise is silent as to whether Travelers had notice of the suit or an opportunity to present its statute-of-limitations defense at that time.  Consequently, based on the record before us, we

8

are unable to conclude that Travelers had a full opportunity to defend the suit, such that it could be bound by the judgment against its principal.

For the reasons stated, we affirm the district court's grant of summary judgment to Travelers.

**AFFIRMED.**