[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16231
Non-Argument Calendar
_____

D.C. Docket No. 6:15-cv-01046-CEM-KRS


DAVID FRANK PETRANO,
MARY KATHERINE DAY-PETRANO,

Plaintiffs - Appellants,

versus

JORGE LABARGA,
Chief Justice of the Supreme Court of Florida in his
official and individual capacities, et al.,

Defendants,

SUPREME COURT OF FLORIDA,
EIGHTH JUDICIAL CIRCUIT OF FLORIDA,
THE FLORIDA BAR,
CLAUDIA ISOM,
in her official capacity,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 22, 2017)

Before MARCUS, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

David Petrano and Mary Day-Petrano appeal *pro se* the district court's

dismissal of their claims that various individuals and entities associated with the

Florida judiciary violated their rights under Americans With Disabilities Act

(ADA), 42 U.S.C. § 12101 *et seq.*  In the district court, the plaintiffs sought to

proceed *in forma pauperis*.  Screening the complaint pursuant to 28 U.S.C.

§ 1915(e)(2), the court dismissed with prejudice claims against numerous

defendants because (1) the relevant portions of the ADA permit only official and

not individual capacity suits; (2) the complaint's official capacity claims against

individuals were duplicative of claims against the institutions the individuals

represented; and/or (3) the defendants were immune from suit.  This order included

the dismissal with prejudice of ADA retaliation claims against every member of

the Florida Supreme Court as well as defendants Trevor Rhodes, James Fisher,

Maritza Arroyo, and Robert Groeb—in their individual capacities—on the ground

that the relevant sections of the ADA do not permit individual liability.  The

2

district court dismissed the remainder of the complaint without prejudice for failure to comply with Federal Rules of Civil Procedure 8 and 10.

The court instructed the plaintiffs that they may file an amended complaint on or before July 8, 2016. The plaintiffs moved for an extension of time, which the district court granted, giving the plaintiffs until August 7 to file an amended complaint. The plaintiffs did not meet this deadline. On August 8, they filed another motion for an extension. The district court denied that motion, concluding that the plaintiffs had shown neither good cause for another extension nor excusable neglect for their motion's untimeliness. The court therefore dismissed the plaintiffs' remaining claims with prejudice for a failure to comply with its order that they file an amended complaint by August 7. See Fed. R. Civ. P. 41 ("Unless the dismissal order states otherwise, a dismissal . . .—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."). The plaintiffs now appeal.

There are two separate orders on appeal: first, the district court's initial dismissal with prejudice of claims against a number of defendants on substantive grounds and second, the court's subsequent dismissal with prejudice of the entire case for failure to comply with the court's order to amend the complaint. We review dismissals for failure to state a claim *de novo*, *MSP Recovery, LLC v. Allstate Ins. Co.*, 835 F.3d 1351, 1357 (11th Cir. 2016), and dismissals for failure

to comply with a court order for abuse of discretion. *Gratton v. Great Am. Commc'ns.*, 178 F.3d 1373 (11th Cir. 1999). The plaintiffs' brief on appeal consists almost entirely of arguments on the merits of their ADA claims that are wholly unrelated to the grounds on which their claims were dismissed. Although we give a liberal construction to *pro se* pleadings, we nonetheless require them to conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Issues not briefed on appeal by a *pro se* litigant are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

The plaintiffs' only argument on appeal that plausibly grapples with the district court's first order concerns their retaliation claims against each member of the Florida Supreme Court and defendants Rhodes, Fisher, Arroyo, and Groeb in their individual capacities. The district court concluded that the ADA claims lodged against those defendants were barred because the relevant portions of the ADA do not permit individual capacity suits. The plaintiffs argue, and we agree, that this is not entirely correct: in the public services context, individuals may be sued privately in their personal capacity for violating 42 U.S.C. § 12203, the ADA's retaliation provision. *Shotz v. City of Plantation*, 344 F.3d 1161, 1179-80 (11th Cir. 2003).

Although the district court erred in concluding otherwise, we nonetheless affirm the dismissal of the plaintiffs' retaliation claims for two reasons. First, the

district court also dismissed the claims against defendants Rhodes, Fisher, Arroyo, and Groeb on the alternative ground that they had quasi-judicial immunity, a conclusion the plaintiffs do not challenge. Second, with regard to the Florida Supreme Court defendants, we "may affirm the judgment of the district court on any ground supported by the record, regardless of whether that ground was relied upon or even considered by the district court." *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012). In screening *in forma pauperis* complaints, courts must "dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Here, the plaintiffs have asserted incomprehensible and farfetched claims against each member of a state supreme court, supported only by vague and conclusory allegations that the justices retaliated against the plaintiffs for asserting their ADA rights. *See Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1262-63 (11th Cir. 2004) (noting that "conclusory allegations" and "unwarranted deductions of facts" are insufficient to prevent dismissal). Plaintiffs' retaliation claims are insufficiently pled and frivolous, and we therefore affirm the district court's judgment dismissing them.

The plaintiffs fail to raise any arguments addressing the other grounds on which the district court relied in the first order. The plaintiffs also entirely fail to address the district court's second order, which dismissed their case with prejudice

5

for failure to comply with the court's deadline.  Consequently, the plaintiffs have abandoned any attempt to salvage their non-retaliation claims.  *Timson*, 518 F.3d at 874.  We therefore affirm the district court's judgments.

**AFFIRMED.**