[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11087
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-00231-JRH-BKE


WARREN ADAM TAYLOR,

                                                    Plaintiff-Appellant,

versus

AUGUSTA-RICHMOND COUNTY CONSOLIDATED
COMMISSIONERS,
MAYOR DAVID S. COPENHAVER,
MAYOR PRO TEM COREY JOHNSON,

                                                    Defendants-Appellees,

J. PATRICK CLAIBORNE,
GWENDOLYN B. TAYLOR,

                                                    Third Party Defendants-
                                                    Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(December 2, 2019)

Before WILLIAM PRYOR, BRANCH and FAY, Circuit Judges.

PER CURIAM:

Warren Taylor appeals the denial of the motions that he filed after the district court dismissed his complaint and closed his case. We affirmed that dismissal. *Taylor v. Taylor*, No. 15-11751 (11th Cir. Oct. 7, 2015). In his opening brief, Taylor fails to address the denial of his postjudgment motions, so we deem abandoned any challenge that he could have made to those rulings. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned."). We lack jurisdiction to review the issues that Taylor raises for the first time in his brief because he specified in his notice of appeal that he was challenging only the denial of his four postjudgment motions. *See Whetstone Candy Co. v. Kraft Foods, Inc.*, 351 F.3d 1067, 1079–80 (11th Cir. 2003) ("Where an 'appellant notices the appeal of a specified judgment only[,] this court has no jurisdiction to review other judgments or issues which are not expressly referred to and which are not impliedly intended for appeal."). And insofar as Taylor challenges any rulings entered before the closing of his case, his arguments are barred by the law-of-the-case doctrine. *See Jackson v. State of Ala. State Tenure Comm'n*, 405 F.3d 1276, 1283 (11th Cir. 2005).

We **AFFIRM** the denial of Taylor's post-judgment motions.

2