[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12380

Non-Argument Calendar

_____

TIFFANY P. RANGE,

Plaintiff-Appellant,

*versus*

U.S. POSTMASTER GENERAL,

Defendant-Appellee,

DEAJHE HUTCHINSON, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-02755-VMC

_____

Before ROSENBAUM, JILL PRYOR, and BRASHER, Circuit Judges.

PER CURIAM:

Tiffany Range, proceeding *pro se*, appeals the district court's order dismissing her second amended complaint with prejudice. In a report and recommendation, the magistrate judge concluded that the second amended complaint should be dismissed because it failed to state a claim for relief and Range had failed to comply with court orders. When the magistrate judge issued the report and recommendation, he warned the parties of the need to object, stating that "[a] party [who] fails to object . . . waives the right to challenge on appeal the District Court's order based on any factual or legal conclusions in the report and recommendation." Doc. 25 at 1–2 (citing 11th Cir. R. 3-1).[1] Range never objected. The district court ultimately adopted the report and recommendation, granted the motion to dismiss, and dismissed the second amended complaint with prejudice. Range now appeals.

Because Range failed to object to the magistrate judge's report and recommendation, she waived her right to appeal the dismissal of her second amended complaint. Under 28 U.S.C.

_____

[1] "Doc." numbers refer to the district court's docket entries.

§ 636(b)(1), "any party may serve and file written objections" to a magistrate judge's report and recommendations within 14 days of being served with the report and recommendation. The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But under our Circuit's rules, a party who fails to object to a magistrate judge's report and recommendation "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1. Still, even without "proper objection," we "may review on appeal for plain error if necessary in the interests of justice." *Id.*

Because Range failed to object to the magistrate judge's report and recommendation after being warned "of all of the consequences on appeal for failing to object," she waived any challenge she could have made to the adverse ruling. *See Harrigan v. Metro Dade Police Dep't Station #4*, 977 F.3d 1185, 1192 (11th Cir. 2020) (internal quotation marks omitted). Although we may review the rulings of the district court for plain error, Range does not ask us to do so. Indeed, her brief never acknowledges the magistrate judge's report and recommendation, much less argues that it is necessary in the interests of justice for us to review the district court's decision after she failed to object. We thus will not consider this issue, which Range has abandoned. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (noting that "issues not briefed on appeal by a *pro se* litigant are deemed abandoned").

**AFFIRMED.**

4                          Opinion of the Court                        22-12380