[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10445
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cv-01910-VMC-AEP


DAVID ERIC HAMMER,
ANNE MARIE NEEL HAMMER,

Plaintiffs-Appellants,

versus

BANK OF AMERICA,
National Association as successor by merger to
Lasalle Bank, National Association as trustee for
Wamu 2006-AR13 as a successor by assignment
from Washington Mutual Bank,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 5, 2015)

Before WILLIAM PRYOR, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

David and Anne Hammer appeal *pro se* the dismissal with prejudice of their amended complaint against Bank of America, as the successor in interest to National Association, Lasalle Bank, and Washington Mutual Bank (collectively "Bank of America"). The Hammers, leaseholders in real property, complained that their civil rights were violated in the legal proceedings that resulted in the Bank obtaining a writ of possession, *see* 42 U.S.C. § 1983, and that the Bank was unjustly enriched in violation of state law. The district court dismissed the Hammers' federal claim for failure to state a claim, *see* Fed. R. Civ. P. 12(b)(6), and declined to exercise supplemental jurisdiction over the Hammers' claim under Florida law. We affirm.

The district court did not err by dismissing the Hammers' amended complaint because they failed to establish that Bank of America was a state actor. The use of the state courts by Bank of America to seize its property did not transform it into a state actor. *See Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992) ("Use of the courts by private parties does not constitute an act under color of state law."). When Bank of America applied for the Sheriff to execute the writ of possession, the Hammers filed affidavits that stayed the execution. *See* Fla. R. Civ. P. 1.580(b). The Hammers argue that they were denied due process

2

because their affidavits were struck *ex parte* on the motion of the bank, but the Hammers' complaint alleged that the district court held a hearing on the motion before it struck the affidavits. Although the Hammers failed to appear because they purportedly did not receive notice of the hearing, the Hammers had already been given multiple opportunities to be heard on their claim to the property. The Hammers' complaint alleged that they had received notice of and had objected to the motion of the bank for a writ of possession; the state court stayed the motion and ordered the bank and the Hammers to mediate their dispute, but that mediation was unsuccessful; and after the state court awarded a writ of possession to the bank, the Hammers appealed. Unlike the creditor in *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 102 S. Ct. 2744 (1982), that attached property *ex parte* before a final judgment of foreclosure against the debtor, *id.* at 924–25, 102 S. Ct. at 2747, or the creditor in *Davis Oil Co. v. Mills*, 873 F.2d 774 (5th Cir. 1989), that extinguished a mineral lessee's interest without notice of the seizure or sale of the property, *id.* at 778–81, Bank of America did not unilaterally deprive the Hammers of a property right without due process.

The Hammers have abandoned any challenge they might have made to the dismissal of their complaint that Bank of America was unjustly enriched. Although "we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a pro se litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874

(11th Cir. 2008) (internal citations omitted). The Hammers do not contest the dismissal of their complaint for unjust enrichment.

We **AFFIRM** the dismissal of the Hammers' amended complaint.