**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2714
_____

WILMER GUSTAVO MARROQUIN-RETANA,
Petitioner

v.

ATTORNEY GENERAL UNITED
STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A206-233-128)
Immigration Judge: Honorable Dorothy A. Harbeck

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 6, 2017

Before: AMBRO, KRAUSE and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 13, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Wilmer Gustavo Marroquin-Retana ("Marroquin") petitions for review of the Board of Immigration Appeals' (BIA) order dismissing his appeal from an immigration judge's (IJ) decision ordering his removal and denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). For the reasons that follow, we will deny the petition.

In September 2013, Marroquin, a native and citizen of El Salvador, entered the United States through Texas without inspection, and was apprehended at the border. About a week later, he expressed a fear of returning to El Salvador. He was given a credible fear interview by an asylum officer who determined that his testimony was credible and that he had established a reasonable fear of torture should he return to El Salvador. The Department of Homeland Security (DHS) charged him with removability as an alien not in possession of a valid immigrant visa or other entry document, pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I).[1] He posted bond and was released. In June 2015, Marroquin was taken back into custody as the result of a "Red Notice" issued by Interpol indicating that he had been convicted of attempted manslaughter in El Salvador in 2012, and was deemed to be a fugitive. Marroquin conceded removability, but subsequently applied for asylum, withholding of removal, and relief under the CAT. He maintained that he fears persecution by members of the Mara Salvatrucha ("MS-13") street gang, who allegedly assaulted him prior to his departure to the United States.

---

[1] This charge was subsequently amended to include removability as an alien present in the United States without being admitted or paroled, 8 U.S.C. § 1182(a)(6)(A)(i).

2

After a hearing before the IJ at which Marroquin testified and was represented by counsel, the IJ issued a decision finding that Marroquin was not credible, that the asylum application was untimely, and, even assuming credibility, that he had not established a sufficient basis for asylum or withholding under the Act, or for relief under the CAT. Marroquin was ordered removed to El Salvador. The BIA affirmed the denial of asylum as untimely. It also found no clear error in the IJ's adverse credibility determination because Marroquin "provided inconsistent testimony related to matters that are crucial to his" claims and "omitted important information and events on his asylum application and during his credible fear interview." BIA Op. at 2. Alternatively, the Board agreed with the IJ that Marroquin was barred from obtaining asylum and withholding of removal because the Interpol arrest warrant for attempted manslaughter provided a serious reason to believe that he had committed a serious non-political crime before arriving in the United States. See 8 U.S.C. § 1158(b)(2)(A)(iii) (asylum); see also 8 U.S.C. § 1231(b)(3)(B)(iii) (withholding). Finally, the BIA found no clear error in the IJ's determination that Marroquin had failed to demonstrate that it was more likely than not he would be tortured if returned to El Salvador. He timely petitioned for review.

We have jurisdiction to review final orders of the BIA pursuant to 8 U.S.C. § 1252. Where, as here, the BIA affirmed and partially reiterated the IJ's discussions and determinations, we review both decisions. See Sandie v. Att'y Gen., 562 F.3d 246, 250 (3d Cir. 2009). We review the agency's decision for substantial evidence, considering whether it is "supported by reasonable, substantial, and probative evidence on the record

3

considered as a whole." Balasubramanrim v. I.N.S., 143 F.3d 157, 161 (3d Cir. 1998) (citation and internal quotation marks omitted). We lack jurisdiction to review the determination that the asylum application was untimely. 8 U.S.C. § 1158(a)(3). Therefore, our review is limited to the withholding and the CAT claims.

Withholding of Removal Claim

To be eligible for withholding of removal, Marroquin had to demonstrate that his "life or freedom would be threatened" in the country of removal because of "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). The Government argues that Marroquin has waived any challenge to the BIA's alternative and dispositive determinations on his claim for withholding of removal by failing to challenge in his opening brief either (1) that he failed to support his claim with credible testimony; or (2) that the evidence of his attempted manslaughter conviction rendered him ineligible for statutory relief.[2] Because Marroquin appears pro se before the Court as an immigration petitioner, the need to construe his claims broadly is accentuated. See Higgs v. Att'y Gen., 655 F.3d 333, 340 (3d Cir. 2011). At the same time, issues not briefed on appeal – even by parties proceeding pro se – are deemed waived or abandoned. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005); Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

---

[2] The BIA confined its denial of withholding of removal to these two bases. Therefore, Marroquin's challenge to the IJ's determination that he did not belong to a "particular social group" is not properly before this Court. Dia v. Ashcroft, 353 F.3d 228, 256 n.25 (3d Cir. 2003) (en banc) (citing SEC v. Chenery Corp., 318 U.S. 80, 95 (1943)) (noting

Marroquin fails to challenge the findings which underlie the IJ's adverse credibility determination, specifically the numerous, material omissions and inconsistencies, both internal to his testimony, and between his testimony and either his asylum application or his credible fear interview. We therefore conclude that he has waived any challenge to the denial of his application on this basis. Marroquin's only challenge to the credibility assessment was to the BIA's application of the REAL ID Act's credibility standard. 8 U.S.C. § 1158(b)(1)(B)(iii). Because his application for relief was filed after enactment of the REAL ID Act, the BIA properly applied the Act in reviewing the IJ's credibility determination.[3]

Marroquin argues that both the IJ and BIA failed to consider his oral and written testimony regarding his 2013 encounter with MS-13 members, the 2014 disappearance of his uncle and cousin, and the connection between the victim ("Steven") of his attempted manslaughter conviction and the National Police. See Cham v. Att'y Gen., 445 F.3d 683, 693 (3d Cir. 2006) ("Due process demands that an immigration judge 'actually consider the evidence and argument that a party presents.'") (citation omitted). There is no merit to this contention. The IJ specifically discussed all of this evidence in her opinion. She discredited Marroquin's testimony that the MS-13 attack was religiously motivated because, inter alia, he stated in his credible fear interview that he was attacked because he

---

that the Board's decision may not be upheld on other grounds).

[3] Moreover, to the extent Marroquin challenges his removability on this basis, we note that he conceded that he was removable as charged; accordingly, this issue is waived and not properly before us. See Zheng v. Gonzales, 422 F.3d 98, 107–08 (3d Cir. 2005).

would not join the gang, and that he was never harmed or feared harm on account of his religion. The IJ also found his claim that his uncle's disappearance was connected to him to be "wholly unsubstantiated." I.J. Op. at 23. Finally, the IJ determined that Marroquin's testimony regarding the victim of the attempted manslaughter, "Stephen," was "convoluted" and "vague," and that his documentary evidence in support "undermine[d]" his claim that he was unjustly implicated in the crime. Id. at 16. The Board similarly discussed much of this evidence, and there is simply no indication that it failed to consider any relevant evidence. See Huang v. Att'y Gen., 620 F.3d 372, 388 (3d Cir. 2010) (the IJ and BIA need not "discuss every piece of evidence" presented by an applicant). Accordingly, we have no basis to disturb the Board's finding that Marroquin had failed to support his withholding claim with credible evidence.

Construing his brief liberally, and particularly in conjunction with his reply brief, we conclude that Marroquin has preserved a challenge to the denial of his withholding claim on the basis that there were serious reasons for believing that Marroquin had committed a "serious nonpolitical crime" in El Salvador. Although we need not address this alternative basis for denying relief, we find it to be without merit. The "serious reasons to believe" standard is tantamount to a finding of probable cause. See Guo Qi Wang v. Holder, 583 F.3d 86, 90 (2d Cir. 2009); Go v. Holder, 640 F.3d 1047, 1052 (9th Cir. 2011); In re E-A-, 26 I. & N. Dec. 1, 3 (BIA 2012). Contrary to Marroquin's contention, the Government submitted substantial evidence that he had committed

6

attempted manslaughter, including the Interpol Notice, a conviction record, the

Sentencing Order, and letters from the Commissioner at the Chief of Police Intelligence

Center, El Salvador. The record established that, after a criminal trial, the trial judge

determined that the evidence was insufficient to convict and gave Marroquin a "definitive

absolution sentence." The prosecutor appealed, and the Appeals Court found that the

trial judge "made a legal mistake" in "evaluating the degree of participation on the part of

[Marroquin and his codefendant.]" The Appeals Court determined that, based on the

facts found by the trial judge, Marroquin was guilty of attempted manslaughter.

Marroquin asserts "Stephen" is a corrupt police officer who conspired with

officials to convict him, and that, despite this, a Salvadoran court has again adjudged him

not guilty. These claims are not borne out by the record. Marroquin submitted a letter

from his counsel suggesting that the criminal proceedings were "suspicious," and that

Marroquin had been "arbitrarily convicted." As the IJ concluded, however, the attorney's

statement was not compelling evidence, as it did not present facts to support in these

conclusions or a clear explanation as to why the attorney reached them. And Marroquin

has not produced any document indicating he has been found not guilty.[4]

CAT Claim

---

[4] Although Marroquin maintains that, with additional time, he could produce such a
document, he fails to provide any credible information, such as a date or court, which the
Government might be able to verify. Moreover, even if he could, he fails to succeed in
challenging the BIA's alternative basis for denying the withholding claim.

7

Finally, to succeed on his CAT claim, Marroquin had to establish that it is "more likely than not" that he would be tortured should he return to El Salvador. 8 C.F.R. § 208.16(c)(2); Sevoian v. Ashcroft, 290 F.3d 166, 174–75 (3d Cir. 2002). The objective evidence to be considered in evaluating a CAT claim includes "[e]vidence of past torture inflicted upon the applicant;" "[e]vidence of gross, flagrant or mass violations of human rights within the country of removal;" and "[o]ther relevant information regarding conditions in the country of removal." See 8 C.F.R. § 208.16(c)(3); see also 8 C.F.R. § 208.17(a). Marroquin claimed that, upon his return, he would be subject to torture by the MS-13 or other gangs, corrupt prison officials, and El Salvadoran law enforcement officials. Marroquin argues in his petition that the IJ denied the claim "without reference to [his] testimony at all, and that the BIA rubber-stamped the conclusion of the IJ, concluding, without acknowledgment of [his] testimony," that he had not been tortured in the past. As noted, *supra*, both the IJ's and BIA's opinions thoroughly discussed and discounted Marroquin's testimony, including portions related to his CAT claim.[5] And there is substantial evidence to support the conclusion that he was not tortured in the past. Cf. Shardar v. Ashcroft, 382 F.3d 318, 324 (3d Cir. 2004) (holding BIA did not err in determining that petitioner, who was "severely beaten," was not tortured); see also

---

[5] Both the IJ and the BIA found his interview, statement, application, and testimony inconsistent as to critical issues, including the gang's motives for wanting to harm him, and the degree to which he was harmed. Furthermore, the record supports the IJ's conclusion that there was insufficient evidence that MS-13 suspected Marroquin of colluding with police. As noted in the IJ's opinion, the fact that he was convicted on appeal undermines this claim.

8 C.F.R. § 1208.18(a)(2) ("Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture.").

Marroquin's contention that his credibility "has no bearing on the reliability or authenticity" of the threats against him in 2013 or the disappearance of his uncle and cousin in 2014 is not persuasive, as the majority of his evidence in support of his CAT claim was testimonial. Marroquin could establish his eligibility for CAT relief based on evidence independent of his testimony. See Djadjou v. Holder, 662 F.3d 265, 275 (4th Cir. 2011) ("agency may not ignore [independent evidence] and reject the claim solely on the basis of the adverse credibility determination"). But, as the IJ noted, the independent evidence, including Marroquin's mother's affidavit and the police report of his uncle's disappearance, fails to substantiate his claims that he was tortured or would face torture at the hands of gangs or the El Salvadoran government. The record fully supports the IJ's conclusion that Marroquin's evidence did not demonstrate – indeed, it barely speculated – that his uncle's disappearance was gang related. And Marroquin's documentary evidence also failed to show a likelihood of future torture. Although there was country evidence regarding gang violence in El Salvadoran prisons, his fear that he would be tortured by a gang, or by prison officials suspecting he was a member of a gang, amounted to pure speculation. The Board, therefore, properly denied his request for relief under the CAT.

Based on the foregoing, we will deny the petition for review.