[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13887
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-00126-CSC


SYBIL LITTLE,

Plaintiff-Appellant,

versus

CRSA,
a corporation,
RICKY NORRIS,
individually and in his official capacity,
JASON PATRICK,
individually and in his official capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(August 15, 2018)

Before ED CARNES, Chief Judge, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

Sybil Little, proceeding pro se, appeals the district court's judgment dismissing her first amended complaint. She alleged a Title VII hostile work environment claim and related state law claims against her employer, CRSA, Inc., and two CRSA employees, Ricky Norris and Jason Patrick.

Since 2006 Little has been employed as a technician and safety coordinator at CRSA, which is located in Fort Rucker, Alabama. She alleges that around March 11, 2015, Patrick, CRSA's Operations Manager, called her and propositioned her for "oral and missionary sex." She also alleges that at some other point Patrick told her that he had not had sex with his wife in over a year and wanted to have oral sex with Little.

Little also alleged that Norris, CRSA's Lead Technician, regularly subjected her to sexual harassment on a continuing basis from 2006 through 2016. That claim is based on the following comments Norris allegedly made: that she "had a cute ass"; that she "looked good in her jeans"; that she should "wear dresses so he could stand at the bottom of the ladder and look up her dress and watch her climb the ladder"; and that she should wear heels to work so that she could get men's attention. Norris also allegedly commented on Little's appearance when she tucked her shirt in and questioned whether she had to change clothes because of her menstrual cycle. Little alleges that she told Norris on numerous occasions that his comments were unwelcome and that she asked him to stop. She also alleges

2

that she has had a heart attack due to the problems at work, has been diagnosed with hypertension, and receives counseling.  Finally, she alleges that CRSA was aware of the harassment and did not stop it.

Little filed a charge of discrimination with the Equal Employment Opportunity Commission in October 2016.  In the section titled "discrimination based on," she checked only the box for sex discrimination.  For the date of discrimination, she put May 1, 2016, to July 13, 2016; she did not check the box for "continuing action."  As for the description of harassment, she stated:

> I am a female who has worked for [CRSA] since 2006 as Simulator Technician II/Safety Coordinator.  I have been sexually harassed by Rick Norris (Lead Technician).  I am being discriminated against because of my sex.
> Beginning in May 2016, Norris has stated that I have a cute ass; told me that I look good in my jeans; asked me to wear dresses and heels to work so he could stand at the bottom of the ladder and watch me climb the ladder.
> I am being discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

After the EEOC issued its right to sue notice, Little, represented by counsel, filed this action in March 2017.  The defendants filed motions to dismiss for failure to state plausible claims for relief under Federal Rule of Civil Procedure 12(b)(6).  The district court found that Little did not plead sufficient facts to state plausible claims for relief, and it allowed her leave to file an amended complaint.  Little filed an amended complaint, which alleged a Title VII hostile work environment claim against CRSA, Norris, and Patrick, and state law claims for negligent supervision

and retention, wanton supervision and retention, and outrage against all three defendants.

CRSA, Norris, and Patrick moved to dismiss the first amended complaint under Rule 12(b)(6).  The court ruled that Little's first amended complaint was limited by the scope of her EEOC charge, which alleged discrimination only by Norris, and that those allegations were insufficient to state a plausible claim for relief on her Title VII hostile work environment claim against CRSA.  It dismissed her Title VII claims against Norris and Patrick on the ground that Title VII claims cannot be maintained against individuals.  It dismissed those claims with prejudice, and it dismissed Little's state law claims without prejudice for lack of supplemental jurisdiction.

"We review de novo the district court's grant of a motion to dismiss under Rule 12(b)(6)," taking the "factual allegations in the complaint as true and constru[ing] them in the light most favorable to the plaintiff[ ]."  Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).  We do not accept as true "labels and legal conclusions."  Id.  "Dismissal for failure to state a claim is proper if the factual allegations are not enough to raise a right to relief above the speculative level."  Id. (quotation marks omitted).  In other words, the factual allegations must "possess enough heft to set forth a plausible entitlement to relief."  Id. (quotation marks omitted).  Because Little is now proceeding pro se, we liberally construe her

4

brief.  Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).  She contends that the district court erred in dismissing her first amended complaint because she alleged sufficient facts to state a plausible claim for relief under Title VII for a hostile work environment based on sexual harassment.  That contention fails.

To begin with, the district court did not err in limiting Little's allegations to the scope of her EEOC charge.  See Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1280 (11th Cir. 2004) ("[W]e have held that a plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.") (quotation marks omitted).  Little's EEOC charge alleged only that Norris made offensive comments between May 1, 2016, and July 13, 2016; she did not mention Patrick's derogatory comments (which he allegedly made in March 2015).  Although we do not strictly interpret EEOC complaints, and "judicial claims are allowed if they amplify, clarify, or more clearly focus the allegations in the EEOC [charge]," id., Little's allegations cannot clarify what is not in her EEOC charge.[1]  As a result, we consider only her allegations against Norris.  See id. at 1279–80 ("[A]llegations [in a judicial complaint] of new acts of discrimination are inappropriate.").

---

[1] Little did allege in her first amended complaint that she spoke with an EEOC investigator about Patrick's offensive comments and that she thought he would include them in the charge, but there is no indication that she filed a separate EEOC charge alleging harassment by Patrick, and her October 2016 charge does not mention him.

Little's allegations against Norris do not establish a plausible Title VII hostile work environment claim against CRSA.[2]  To state her claim, Little must plausibly allege (1) that she belonged to a protected group, (2) that she was "subjected to unwelcome harassment," (3) that the "harassment was based on a protected characteristic," (4) that the "harassment was sufficiently severe or pervasive to alter the terms and conditions of [her] employment and create an abusive working environment," and (5) that "a basis exists for holding the employer liable."  Trask v. Sec'y, Dep't of Veterans Affairs, 822 F.3d 1179, 1195 (11th Cir. 2016).

Little's claim fails on the fifth factor.  To establish a basis for CRSA's liability, Little must allege facts showing that it "is responsible for [the abusive working] environment under either a theory of vicarious or of direct liability." Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002).  "An employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee."  Id. at 1278.  Little pleads no facts showing that Norris or Patrick were anything other than co-employees, which means that

---

[2] Little's Title VII claims against Norris and Patrick must be dismissed because Title VII claims may be brought against employers only.  See Dearth v. Collins, 441 F.3d 931, 933 (11th Cir. 2006) ("[T]he relief granted under Title VII is against the employer, not against individual employees whose actions would constitute a violation of the Act.") (quotation marks and alterations omitted).

6

CRSA is directly liable only "if it knew or should have known of the harassing conduct but failed to take prompt remedial action." Id. That means Little "must show either actual knowledge on the part of the employer or conduct sufficiently severe and pervasive as to constitute constructive knowledge to the employer." Id.

There are no allegations indicating that Little ever told management about Norris' alleged harassment. See id. ("Actual notice is established by proof that management knew of the harassment . . . ."). And her allegations that Norris made several offensive, discriminatory comments between May and July 2016 are not enough to show that CRSA management must have known. Cf. id. at 1278–79 (concluding that plaintiff showed constructive knowledge where the manager's office was located where much of the abuse occurred, the evidence showed that the manager "was actually present at times when [an employee] shouted [ ] ethnic insults at [the plaintiff]," and the "abuse occurred on a daily basis for [a] month" and was "often directed at [the plaintiff] in the presence of others").[3] Without sufficient facts alleging actual or constructive notice, there is no basis for holding CRSA liable.

_____

[3] Little did allege that she reported Norris' comments to Patrick in March 2015, but that was a year before Norris made the comments that are the subject of Little's EEOC charge. And her bare allegations that CRSA had "actual and constructive notice" of the harassment and did "not take any steps" to stop the misconduct is not enough to survive a motion to dismiss. See Edwards, 602 F.3d at 1291 ("We are not . . . required to accept the labels and legal conclusions in the complaint as true.").

The district court did not err in dismissing Little's Title VII claims against CRSA, Norris, and Patrick.  And Little does not argue that it erred in dismissing her state law claims, which means that issue is abandoned.  See Timson, 518 F.3d at 874 ("[I]ssues not briefed on appeal by a pro se litigant are deemed abandoned.").

**AFFIRMED.**[4]

---

[4] Little has also filed a motion for oral argument.  Because the "facts and legal arguments are adequately presented in the briefs and record and the decisional process will not be significantly aided by oral argument," 11th Cir. R. 34-3(b)(3), her motion is **DENIED**.