[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12182
Non-Argument Calendar

_____

D.C. Docket No. 0:07-cr-60051-WJZ-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH RUFF,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 25, 2020)

Before ED CARNES, Chief Judge, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Kenneth Ruff, proceeding pro se, appeals the denial of his motion to correct

his sentence pursuant to § 401 of the First Step Act, Pub. L. 115-391, 132 Stat.

5194, which the district court construed as a motion brought under § 404 of that Act. Ruff contends that the district court erred when it construed his motion as one brought under § 404 because his motion sought relief only under § 401. He also contends that § 401 is an unconstitutional ex post facto law unless it is applied retroactively to him.

Ruff is currently serving a sentence of 228 months in prison for possession with intent to distribute cocaine; possession with intent to distribute marijuana; possession of a firearm in relation to a drug trafficking crime; and possession of a firearm and ammunition by a convicted felon. For the felon-in-possession charge he received an enhanced sentence under 18 U.S.C. § 924(e) because he had three earlier convictions for serious drug offenses. His sentence was first imposed in 2007, and then was vacated and re-imposed in 2009 to give Ruff the chance to file an out-of-time direct appeal.

In February 2019 Ruff filed a motion to correct his sentence, asserting that he would not qualify for a § 924(e) enhancement if he were sentenced under federal law as amended by § 401. He argued that the definition of a "serious drug felony," which § 401 added to the Controlled Substances Act, see 21 U.S.C. § 802(57), is narrower than and replaces the definition of a "serious drug offense" under § 924(e). He asserted that one of his three earlier felonies was not a "serious

2

drug felony," even if it was a "serious drug offense," so his criminal record no longer qualified him for a § 924(e) enhancement.

The district court construed Ruff's § 401 motion as a § 404 motion and concluded that Ruff was not entitled to relief under § 404.[1] Ruff does not take issue with the district court's conclusion that he is ineligible for relief under § 404, but instead challenges the district court's failure even to consider whether he is entitled to relief under § 401.[2]

It does not matter whether the district court erred by construing Ruff's § 401 motion as a § 404 motion because "this Court may affirm the judgment of the district court on any ground supported by the record, regardless of whether that ground was relied upon or even considered by the district court." Kernel Records Oy v. Mosley, 694 F.3d 1294, 1309 (11th Cir. 2012). Here we affirm on the ground that Ruff is not entitled to relief under § 401.

Section 401(c) says: "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment

---

[1] Section 404 of the First Step Act authorizes the district courts to reduce retroactively the sentences of crack cocaine defendants as if § 2 and § 3 of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, which lessened the penalties for crack cocaine offenses, had been in effect when they committed their crimes. Section 404 says nothing about whether § 401 applies retroactively.

[2] Because Ruff does not argue on appeal that he is eligible for relief under § 404, he has waived that argument. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by pro se litigants liberally, issues not briefed on appeal by a pro se litigant are deemed abandoned.") (citations omitted).

3

of this Act, if a sentence for the offense has not been imposed as of such date of enactment." The clear meaning of that language is that § 401 does not apply to any offense for which a sentence had already been imposed when the First Step Act was enacted. Our sister circuits have read § 401(c) the same way we do. See United States v. Aviles, 938 F.3d 503, 510 (3d Cir. 2019); United States v. Pierson, 925 F.3d 913, 927–28 (7th Cir. 2019). The First Step Act was enacted on December 21, 2018. Ruff's sentence was imposed and then re-imposed years before that date, so § 401 by its terms does not apply to him.

Ruff tries to escape that obvious conclusion by arguing that if § 401 does not apply to him, it is an unconstitutional ex post facto law. Article I, Section 9 of the United States Constitution says that "[n]o . . . ex post facto Law shall be passed." An ex post facto law is one "which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with [a] crime of any defense available according to law at the time when the act was committed." Dobbert v. Florida, 432 U.S. 282, 292 (1977) (quotation marks omitted). "It is axiomatic that for a law to be ex post facto it must be more onerous than the prior law." Id. at 294. If, as Ruff contends, § 401 narrows the definition of a "serious drug offense" under § 924(e) — and we are not saying that it does — that change would result in a law that is less onerous than the prior law for those to

4

whom the law applies.  And the failure of a law to apply to the conduct in a case logically cannot be more onerous than if the law did not exist.  As a result, it would not be an ex post facto law.

**AFFIRMED.**