[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10535
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cr-00043-CEM-DCI-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONOVAN G. DAVIS, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 16, 2020)

Before ROSENBAUM, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Donovan Davis, Jr., proceeding *pro se*, appeals the district court's denial of

his second Rule 33(b)(1), Fed. R. Crim. P., motion for a new trial based on newly

discovered evidence.  He also appeals the denial of his second motion for the recusal of the magistrate judge whose recommendation the district court adopted in denying the new-trial motion.  After careful review, we affirm.

## I.

Before addressing Davis's second Rule 33(b)(1) motion, we provide some necessary context with an overview of his convictions, his first Rule 33(b)(1) motion, his motion under Rule 41(g) for the return of certain property and his associated request for recusal of the magistrate judge, and our decisions resolving these matters on appeal.

## A.

In 2015, Davis was convicted of participating in a scheme to defraud through Capital Blu Management, LLC, a company that traded in the off-exchange foreign currency or "forex" marketplace.  According to the evidence presented at trial, Davis and his Capital Blu partners solicited and retained investors with lies about Capital Blu's consistently positive rates of return, among other false information, at the same time Capital Blu was experiencing massive losses and Davis and his partners were diverting investor funds for personal use.  A jury found Davis guilty of conspiracy to commit wire fraud and mail fraud, wire fraud, mail fraud, and money laundering.

Following the trial, Davis filed a Rule 33(b)(1) motion, Fed. R. Crim. P., for a new trial asserting newly discovered evidence.[1]  In support of that motion, Davis submitted affidavits from prison inmates who claimed that they heard one of Davis's co-conspirators, Damien Bromfield, state that he lied in his testimony at Davis's trial to get leniency from the government.  The district court denied the Rule 33(b)(1) motion without an evidentiary hearing, finding that the affidavits were not credible and that no new trial was warranted even if they were.

Davis appealed his convictions and the denial of his new-trial motion, and we affirmed in a consolidated opinion issued in March 2019.  *See United States v. Davis (Davis I)*, 767 F. App'x 714 (11th Cir. 2019).  In relevant part, we concluded that a new trial was not warranted even if the inmates' affidavits were credible.  *Id.* at 733–34.  We noted, among other things, Bromfield's "trial testimony was supported by extensive contemporaneous documentation and testimony from Capital Blu's accountant," and that he later submitted a sworn affidavit which "effectively retracted any recantation he had made to other prisoners."  *Id.*

**B.**

Meanwhile, Davis moved under Rule 41(g), Fed. R. Crim. P., for the return of six computer hard drives.  Evidence produced by the government in response to

---

[1] Immediately after the jury verdict, Davis also filed a motion for judgment of acquittal or a new trial, which the district court denied.  This motion was not based on newly discovered evidence and is not relevant to our resolution of this appeal.

Davis's motion showed that in 2009 Davis's counsel provided six computer hard drives to a court-appointed receiver in connection with a civil-enforcement action brought by the U.S. Commodity Futures Trading Commission ("CFTC") against Capital Blu. The receiver, in turn, copied these drives onto external hard drives and provided the external hard drives to the CFTC, the IRS, and the U.S. Attorney's Office. In March 2010, the Secret Service came into possession of one of the external hard drives through an IRS agent. In September 2017, the Secret Service contacted Davis to return the external hard drive after erasing its contents.

After a magistrate judge issued a recommendation that the motion to return the six hard drives be denied, Davis moved to recuse the magistrate judge on the ground that he had worked for the U.S. Attorney's Office for the Middle District of Florida at the time that office had recused itself from Davis's criminal prosecution. The magistrate judge denied the recusal motion, and Davis appealed to the district court, which denied Davis's Rule 41(g) motion and affirmed the magistrate judge's decision not to recuse.

We affirmed both rulings on appeal in September 2019. *See United States v. Davis (Davis II)*, 789 F. App'x 105 (11th Cir. 2019). As to the denial of the Rule 41(g) motion, we concluded that the district court did not clearly err in finding that the government never possessed the six computer hard drives at issue. *Id.* at 109–

4

11. And because we could not "order the government to return something that it does not possess," we affirmed the denial of Davis's Rule 41(g) motion. *Id.* at 111.

As to Davis's demand for recusal of the magistrate judge, we found "no grounds that, viewed objectively, would cause a neutral lay observer to entertain a significant doubt about the magistrate judge's impartiality." *Id.* We noted that the magistrate judge could not recall having any involvement in Davis's criminal case or knowledge of the basis for the recusal decision, and that Davis had not shown that the magistrate judge's statements were inaccurate or that "the district-wide recusal decision was in any way related to the magistrate judge or would affect his impartiality in this case." *Id.* at 111–12. We therefore found insufficient grounds to show that the failure to recuse was an abuse of discretion. *Id.* at 112.

## C.

In May 2018, Davis filed *pro se* a second Rule 33(b)(1) motion for a new trial based on purported newly discovered evidence. As relevant here, Davis claimed that the government had made false representations to the court during his trial that the data from the original hard drives—which were the subject of his Rule 41(g) motion for the return of property—were not available. He stated that he learned in October 2017 that the government had been in possession of an external hard drive containing copies of the original hard drives. But according to Davis, the government erased the external hard drive before returning it to him, which prevented him from

demonstrating that the documents introduced at trial by the government were fabricated, likely by cooperating coconspirator Bromfield.  He further argued that the magistrate judge should have recused from his criminal case due to the recusal of the U.S. Attorney's Office for the Middle District of Florida.

In response, the government argued that Davis did not show that any potential evidence relating to the original hard drives was of a nature that a new trial would probably produce a different result.  Further, in disputing that recusal was required, the government provided additional details regarding the recusal decision, stating that the district-wide recusal was based on Davis's then-marriage to an agent with the Social Security Administration's Office of the Inspector General who occasionally worked with the U.S. Attorney's Office.

Davis replied that the only reason he could not show a probable different result was because the government destroyed the data on the external hard drive, and that recusal was required because the magistrate judge should have been aware of an office-wide recusal based on a relationship with someone he worked with regularly.

The district court summarily denied Davis's motion "[f]or the reasons set forth in the Court's September 21, 2016, Order," which was the order denying Davis's previous Rule 33(b)(1) motion.  Davis now appeals the denial of his second Rule 33(b)(1) motion and his request for recusal of the magistrate judge.

6

## II.

We review for an abuse of discretion a district court's denial of a motion for a new trial, a motion to recuse, and a request for an evidentiary hearing. *United States v. Scrushy*, 721 F.3d 1288, 1303 (11th Cir. 2013); *United States v. Schlei*, 122 F.3d 944, 990 (11th Cir. 1997). A court abuses its discretion when it applies the wrong legal standard, bases its decision on findings of fact that are clearly erroneous, or makes a clear error of judgment. *United States v. Grzybowicz*, 747 F.3d 1296, 1305 (11th Cir. 2014); *Scrushy*, 721 F.3d at 1303.

## A.

We start with the new-trial motion. Motions for a new trial based on newly discovered evidence are "highly disfavored" and "should be granted only with great caution." *United States v. Campa*, 459 F.3d 1121, 1151 (11th Cir. 2006) (*en banc*) (quoting another source). While "[n]ewly discovered evidence need not relate directly to the issue of guilt or innocence to justify a new trial, but may be probative of another issue of law," the new evidence still must be such that it "would afford reasonable grounds to question . . . the integrity of the verdict." *Scrushy*, 721 F.3d at 1304 (quotation marks omitted).

In general, a new trial is warranted based on newly discovered evidence only if the evidence (1) was discovered after trial; (2) could not have been discovered with due diligence; (3) is not merely cumulative or impeaching; (4) is material to

issues before the court; and (5) is of such a nature that a new trial would probably produce a different result. *United States v. Barsoum*, 763 F.3d 1321, 1341 (11th Cir. 2014). In contrast, where the defendant claims that he is entitled to a new trial because the government made false representations during trial, he "must establish that (1) the prosecutor knowingly used perjured testimony or failed to correct what he subsequently learned was false testimony; and (2) such use was material *i.e.*, that there is any reasonable likelihood that the false testimony could have affected the judgment." *United States v. Stein*, 846 F.3d 1135, 1147 (11th Cir. 2017). That materiality standard is more "defense-friendly" than the ordinary standard for Rule 33(b)(1) motions. *See id.*

Here, the district court did not abuse its discretion when it denied Davis's second Rule 33(b)(1) motion. At the outset, we note that we agree with Davis to the extent that the district court could have better explained its grounds for denying that motion, which raised issues distinct from the first Rule 33(b)(1) motion. But "we may affirm for any reason supported by the record, even if not relied upon by the District Court." *United States v. Barsoum*, 763 F.3d 1321, 1338 (11th Cir. 2014). And there is no reason to remand for the district court to explain its reasons because Davis has not offered sufficient grounds to warrant a new trial.

Davis has not presented newly discovered evidence that affords reasonable grounds to question the integrity of the verdict. *See Scrushy*, 721 F.3d at 1304. He

8

claims that his convictions were obtained based on photocopied emails that were fabricated by Bromfield, a cooperating coconspirator. But he did not proffer any evidence or provide any supporting details to suggest that the emails introduced at trial were fabricated or altered. A blanket assertion of fabricated evidence not substantiated by any credible source is not enough to warrant a new trial or even an evidentiary hearing. *See United States v. Calderon*, 127 F.3d 1314, 1354 (11th Cir. 1998) (denying a new trial or further inquiry where the appellants "self-serving affidavits" were "totally unsubstantiated by any objectively credible source"); *United States v. Champion*, 813 F.2d 1154, 1171 n.25 (11th Cir. 1987) (stating that evidentiary hearings are not necessary for "fishing expedition[s]" to substantiate an unsupported claim of wrongdoing).[2]

Davis responds that the proof of these fabrications was contained on an external hard drive, which the government erased. But any evidence that would have been erased from the external hard drive could hardly be considered new to Davis. As we explained above, the data on the external hard drive came from the six hard drives Davis's attorney provided to the receiver. As a result, Davis would have had knowledge before trial of information on those drives that could have been used to

---

[2] Contrary to Davis's claim, courts are not required to accept as true factual allegations made in a motion for new trial under Rule 33(b)(1), which are "highly disfavored." *United States v. Campa*, 459 F.3d 1121, 1151 (11th Cir. 2006) (*en banc*). The cases Davis has cited for this proposition concern the rules at summary judgment in a civil case. *See United States v. Stein*, 881 F.3d 853, 854 (11th Cir. 2018 (*en banc*); *Caldwell v. Warden*, 748 F.3d 1090, 1098 (11th Cir. 2014); *White v. Berger*, 769 F. App'x 784, 789 (11th Cir. 2019). They have no application here.

contest the authenticity of the emails presented by the government at trial. *See United States v. DiBernado*, 880 F.2d 1216, 1224 (11th Cir. 1989) (stating that evidence known to the defendant before trial cannot be "newly discovered" within the meaning of Rule 33(b)(1), and "reject[ing] the idea that newly available evidence is synonymous with newly discovered evidence").

The only apparently "new" information Davis cites is that the Secret Service erased the external hard drive before returning it to him in 2017.[3] This new fact does not provide grounds to question the integrity of the verdict, however. The mere fact that the Secret Service erased the drive before returning it to him, years after his conviction, does not strike us as suspicious or indicative of a coverup. Notably, the record shows that the receiver created multiple, identical external hard drives and provided these drives to multiple entities, including the U.S. Attorney's Office. And it appears that the Secret Service received the drive through an IRS agent, not the U.S. Attorney's Office. So the inference Davis draws from the erasure of the external hard drive—that the government deleted the data because it "would have established the photocopied documents were inauthentic"—is far too speculative to

---

[3] In his reply brief, Davis alleges that the government failed to disclose evidence concerning other matters. Because these issues were not presented in his initial brief on appeal, they are not properly before us on appeal. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("[W]e do not address arguments raised for the first time in a *pro se* litigant's reply brief.").

10

warrant further inquiry or a new trial.  *See Calderon*, 127 F.3d at 1354; *Champion*, 813 F.2d at 1171 n.25.

Nor has Davis shown that a new trial is warranted on grounds of prosecutorial misconduct.  Citing the erasure of the external hard drive, Davis claims that the government falsely told the court at trial that the original emails were unavailable, apparently for the purpose of hiding the truth of the fabricated emails.

There are several problems with this argument.  First, it's based on an alleged "false representation" that the government simply did not make.  The exchange between the district court and the parties to which Davis refers involved Bromfield's removal of a server from one of Capital Blu's offices.  It did not concern either the original hard drives Davis's attorney provided to the receiver or the external hard drive.  And nowhere in this exchange did the government state, as Davis asserts, "that the photocopies were the best available evidence."

Second, Davis's attorney did not directly challenge the admissibility of the emails, as Davis maintains.  Instead, Davis's attorney suggested that the jury did not "have all the emails" and that the government's case was missing critical information, including "anything indicating definitively that [Davis] opened any of these emails." Finally, as we've already explained, Davis offers little more than speculation that the emails introduced by the government at trial were fabricated, that the data on the external hard drive would have shown as much, or that the

11

government wiped the drive to prevent Davis from proving that the evidence was fabricated.

For these reasons, Davis's unsubstantiated claim of evidence fabrication does not warrant a new trial or further inquiry at an evidentiary hearing. He has not presented any new evidence that "would afford reasonable grounds to question . . . the integrity of the verdict." *Scrushy*, 721 F.3d at 1304. Nor has he provided any reason to believe that the government knowingly relied on false evidence at his trial. *See Stein*, 846 F.3d at 1147. We therefore affirm the denial of his second Rule 33(b)(1) motion for a new trial.

**B.**

Next, we consider recusal. Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The purpose of this provision is to promote confidence in the judiciary by avoiding even the appearance of impropriety. *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003). To that end, "the standard of review for a § 455(a) motion is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality, and any doubts must be resolved in favor of recusal." *Id.* (citations and quotation marks omitted).

12

Here, the district court did not abuse its discretion in refusing to order the recusal of the magistrate judge. As we noted above, we have previously rejected Davis's argument that the magistrate judge should have recused on the ground that he was an attorney in the U.S. Attorney's Office for the Middle District of Florida at the time that office recused itself from Davis's criminal case. *See Davis II*, 789 F. App'x at 111–12. We concluded that there were no objective grounds to entertain a significant doubt about the magistrate judge's impartiality. *Id.* at 111. We noted that the magistrate judge could not recall having had any involvement in Davis's criminal case or knowledge of the basis for the recusal decision, and that Davis had not provided anything tending to show that the magistrate judge's statements were inaccurate or that "the district-wide recusal decision was in any way related to the magistrate judge or would affect his impartiality in this case." *Id.* at 111–12.

Davis again raises the issue of recusal, but we see no grounds that would warrant a different result than we reached in *Davis II*. *See United States v. Anderson*, 772 F.3d 662, 668 (11th Cir. 2014) (explaining that the doctrine of law of the case generally bars reconsidering appellate prior rulings in the same case unless new and different evidence is presented or the prior decision is clearly erroneous). Although we know now the reason for the district-wide recusal decision, the fact that the U.S. Attorney's Office had a working relationship with Davis's then-wife does not change the fact that the magistrate judge had no recollection of involvement in

Davis's prosecution, investigation, or the recusal.  And it remains the case that Davis has not offered adequate grounds to suspect that "the district-wide recusal decision was in any way related to the magistrate judge or would affect his impartiality in this case."  *Davis II*, 780 F. App'x at 111–12.

Davis speculates that a reasonable observer could believe that the magistrate judge tried to help out a "friend"—Davis's then-wife—by "reviving and prosecuting a case that had been dormant."  But again, there is nothing to indicate that the magistrate judge was involved in Davis's criminal case, and the magistrate judge was not appointed as a judge until October 2016, after Davis was convicted.  So Davis's conjecture and speculation about the magistrate judge's potential motives are not sufficient to warrant recusal or further inquiry at an evidentiary hearing.  *See United States v. Cerceda*, 188 F.3d 1291, 1293 (11th Cir. 1999) ("conjecture and speculation" are insufficient to warrant recusal or an evidentiary hearing).

## III.

For the foregoing reasons, we affirm the denial of Davis's second Rule 33(b)(1) motion for a new trial based on newly discovered evidence and the denial of his motion for recusal of the magistrate judge.

**AFFIRMED.**