[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10943

Non-Argument Calendar

_____

BRADLEY JAMES ALBERT,

　　　　　　　　　　　　　　　　　　　Plaintiff-Appellant,

*versus*

AMERICAN FAMILY INSURANCE COMPANY,
AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN,
AMERICAN FAMILY LIFE INSURANCE COMPANY,

　　　　　　　　　　　　　　　　　　　Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:14-cv-01112-ELR

_____

Before JORDAN, GRANT, and EDMONDSON, Circuit Judges.

PER CURIAM:

Bradley Albert, proceeding *pro se*, appeals the district court's order denying two *pro se* motions for post-judgment relief. No reversible error has been shown; we affirm.

This appeal is the second time this litigation has come before us for review. In 2014, Albert (through his then-lawyer) filed the underlying civil action against American Family Insurance Company, American Family Mutual Insurance Company, American Standard Insurance Company of Wisconsin, and American Family Life Insurance Company (collectively, "American Family"). Albert asserted claims for unlawful employment retaliation and for breach of contract. The parties mediated the case and, in March 2016, reached a settlement whereby American Family agreed to pay Albert $85,000 in exchange for a general release of all claims.

Albert later disputed the settlement agreement. Around the same time, a dispute arose between Albert and his lawyer about attorneys' fees: Albert ended his lawyer's representation and proceeded *pro se*.

In Albert's first appeal before this Court, we affirmed the district court's orders (1) granting American Family's motion to

enforce the settlement agreement; (2) granting in part Albert's former lawyer's motion to establish a charging lien; (3) denying Albert's motion to return his case file; and (4) denying Albert's motion to recuse. *See Albert v. Am. Family Ins. Co.*, 739 F. App'x 607 (11th Cir. 2018) (unpublished).

Following that appeal, the district court ordered the disbursement of the settlement proceeds and attorneys' fees. The case was closed on 7 March 2019.

In April 2021, Albert filed *pro se* the motions underlying this appeal. Albert titled his motions this way: (1) "Motion to Reopen Under Rule 60(b)(6) and Motion for Leave to Amend Complaint or Initial Complaint" ("Motion 1"); and (2) "Motion for Leave to File Second Amended Complaint" ("Motion 2"). Attached to Motion 2 was a document titled "Second Amended Complaint or Initial Complaint."

The district court denied Albert's motions. The district court determined that Albert's motion to reopen -- filed almost three years after final judgment was entered -- was untimely under Fed. R. Civ. P. 60. The district court also denied Albert leave to file a second amended complaint, noting that amendment under Fed. R. Civ. P. 15(a) is unavailable after entry of a final judgment.

Construing liberally Albert's appellate brief, we see no substantive arguments challenging the district court's rulings denying Albert's motion to reopen and denying Albert leave to file a second amended complaint. Albert has thus forfeited the argument that the district court erred in denying those motions. *See United States*

*v. Campbell*, 26 F.4th 860, 863 (11th Cir. 2022) (*en banc*) (explaining that an appellant forfeits an argument by failing to raise it in his appellate brief); *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." (citation omitted)).

Albert argues chiefly that the district court erred in failing to construe his motions as an initial complaint actually then commencing a new civil action. In support of his argument, Albert points to the phrase "or Initial Complaint" in the title of Motion 1 and in the title of the document attached to Motion 2. According to Albert, the district court had discretion either (1) to grant his motions, reopen the case, and allow him to amend his complaint, or (2) to treat his motions as initiating a new civil action. We reject that argument.

To commence a new civil action, a plaintiff must file a complaint with the court, complete proper service of process by serving the defendants with the summons and complaint, and pay the applicable court filing fee. *See* Fed. R. Civ. P. 3, 4; N.D. Ga. Civ. R. 3.2 (requiring advance payment of court filing fees). Despite his *pro se* status, Albert was required to comply with these procedural requirements. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

Even if we assume that such titles might count for something, that Albert included the phrase "or Initial Complaint" in the title of his motion and in the title of his proposed amended

22-10943                Opinion of the Court                5

complaint is insufficient to commence a new civil action. The Federal Rules of Civil Procedure also make clear that a motion and a pleading are two distinct categories of documents: a motion cannot be construed, in the alternative, as an initial pleading. *See* Fed. R. Civ. P. 7.

The district court committed no error by failing to treat Albert's motions as a finished initial complaint in a new civil action. Because Albert's motions really constituted no initial complaint, we reject Albert's contention that the district court erred in failing to enter a default judgment against American Family.

AFFIRMED.