**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-12176

Non-Argument Calendar

————————————

MARK T. STINSON, SR.,

*Plaintiff-Appellant,*

*versus*

MEMPHIS LIGHT GAS & WATER,
JEREMY THACKER,

individually d.b.a. Pridestaff,

*Defendants-Appellees.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cv-24733-BB

————————————

Before JILL PRYOR, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

Appellant Mark T. Stinson, Sr., proceeding *pro se*, appeals the dismissal of his complaint for lack of personal jurisdiction. After careful consideration, we affirm.

**I.**

In 2011, Memphis Light Gas & Water ("MLGW"), which provides electricity, gas, and water services in Memphis and Shelby County, Tennessee, sought bids from contractors to provide temporary staffing services for the period from 2012 through 2016. It required the vendor who obtained the contract to use a subcontractor that was certified as a minority-owned, woman-owned, or locally-owned small business enterprise to provide some of the services under the contract.

PrideStaff, Inc., submitted a bid for the staffing contract. Before PrideStaff submitted its bid, its owner, Jeremy Thacker, met with Stinson, who owned a company that was certified as a minority-owned small business enterprise. According to Stinson, Thacker agreed that PrideStaff would use Stinson's company as its subcontractor. And the bid PrideStaff submitted to MLGW identified Stinson's company as the relevant minority-owned small business enterprise subcontractor. But when PrideStaff secured the MLGW contract, it did not use Stinson's company as a subcontractor.

In 2023, Stinson, proceeding *pro se*, filed this lawsuit in the Southern District of Florida. He named as defendants MLGW and

Thacker "individually and d/b/a PRIDESTAFF." Doc. 1 at 1.[1] We liberally construe the complaint as asserting claims against MLGW, PrideStaff, and Thacker. He brought claims for fraudulent misrepresentation, breach of contract, fraudulent inducement, conversion, and violations of a Tennessee statute; he sought at least $3,000,000 in damages.

Stinson's complaint, liberally construed, alleged that he was a citizen of Florida. It identified MLGW as a Tennessee entity and Thacker as a resident of Tennessee. The complaint included no allegations about PrideStaff's citizenship or where it was based. In addition, there were no allegations in the complaint indicating that any of the events underlying Stinson's claims occurred in Florida. Instead, it appears that Stinson brought the lawsuit in the Southern District of Florida because he was living there at the time he filed the complaint.

MLGW, PrideStaff, and Thacker moved to dismiss for lack of personal jurisdiction. In its motion, MLGW explained that it was a government entity that provided utility services throughout Shelby County, Tennessee, and had no operations in Florida. Its chief operating officer submitted a declaration stating that MLGW did not conduct business in Florida, maintain an office or agent in Florida, have employees in Florida, or use a Florida telephone number or address. Given that it had no connections to Florida, MLGW argued that it was not subject to personal jurisdiction

---

[1] "Doc." numbers refer to the district court's docket entries.

under Florida's long-arm statute and that the exercise of jurisdiction would not comport with due process.

PrideStaff and Thacker raised similar arguments. They pointed out that the complaint alleged that Thacker resided in Tennessee. And although the complaint was silent about where PrideStaff was located, it came forward with evidence, in the form of a declaration from an executive, that the company was incorporated in California, had its principal place of business in California, and maintained its main office and management functions in California. The declaration also stated that the company's day-to-day operations were controlled from California. In addition, PrideStaff and Thacker pointed out that there were no allegations in the complaint that either had engaged in any conduct that had any connection to Florida.[2]

In response, Stinson asked the court not to transfer the case to a venue in Tennessee because he had unsuccessfully raised similar claims in a Tennessee court. The response did not address why there was personal jurisdiction over any of the defendants. And Stinson did not come forward with any evidence that the defendants had any contacts with Florida.

---

[2] All three defendants argued that the district court could dismiss the action on alternative grounds, including lack of venue. PrideStaff and Thacker also explained that Stinson and his company had filed a similar lawsuit against them in Tennessee that had been dismissed as time barred. Given the dismissal of the Tennessee lawsuit, they argued that this action was barred by res judicata.

The district court dismissed the action, concluding that it lacked personal jurisdiction over the defendants. It determined that Stinson's complaint failed to allege "sufficient facts to make out a prima facie case of jurisdiction." Doc. 35 at 7 (citation modified). It emphasized that there were no allegations that any of the events underlying Stinson's claims occurred in Florida or that any of the parties was in Florida during the relevant time.

The court also discussed the defendants' evidence, which showed that they were based in California and Tennessee with no relevant contacts with Florida. It explained that after the defendants came forward with this evidence, the burden shifted to Stinson to show that the court had jurisdiction. Because Stinson had failed to come forward with any evidence regarding personal jurisdiction, the court concluded that it lacked personal jurisdiction over each defendant and dismissed the complaint.

This is Stinson's appeal.

## II.

We review *de novo* a district court's dismissal of an action for lack of personal jurisdiction. *SkyHop Techs., Inc. v. Narra*, 58 F.4th 1211, 1222 (11th Cir. 2023).

We liberally construe *pro se* litigants' pleadings, holding them "to less stringent standards than formal pleadings drafted by lawyers." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). We construe briefs filed by *pro se* litigants liberally. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

## III.

The issue before us is whether the district court had personal jurisdiction over the defendants. As we've long recognized, a court must have personal jurisdiction over the parties in a case because "[a] court without personal jurisdiction is powerless to take further action." *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999).

A plaintiff seeking to have a court "exercise [] personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). If a defendant challenges jurisdiction at the motion to dismiss stage by submitting evidence establishing a lack of personal jurisdiction, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Id.* (citation modified).

A federal court sitting in diversity undertakes a two-step analysis to determine whether personal jurisdiction exists. *AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1363–64 (11th Cir. 2021). At the first step of the analysis, the court asks whether jurisdiction is appropriate under the forum state's long-arm statute. *Id.* at 1364. Here, we look to Florida's long-arm statute. *See* Fla. Stat. § 48.193. It provides for general jurisdiction—that is, jurisdiction over any claim against a defendant, even if the claim did not arise out of the defendant's activities in Florida—if the defendant engaged in "substantial and not isolated activity" in Florida. *Id.*

24-12176                Opinion of the Court                7

§ 48.193(2); *see Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1312 (11th Cir. 2018). The long-arm statute also provides for specific jurisdiction—that is, jurisdiction over a claim that arises out of a defendant's activities in Florida. *See* Fla. Stat. § 48.193(1)(a); *Waite*, 901 F.3d at 1312. Under the long-arm statute, there is specific jurisdiction in Florida when a cause of action arises out of a defendant engaging in certain acts, including: conducting business in Florida; having an office in Florida; committing a tortious act in Florida; owning real property in Florida; causing injury to a person in Florida that arises out of an act or omission that occurred outside the state, if, at the time of the injury, the defendant was engaged in solicitation or service activities within Florida or products, materials, or things processed, serviced, or manufactured by the defendant were used or consumed within Florida in the ordinary course of commerce, trade, or use; or breaching a contract by failing to perform acts that the contract required be performed in Florida. Fla. Stat. § 48.193(1)(a).

At the second step of the analysis, a court examines whether the exercise of jurisdiction would violate due process. *AcryliCon*, 985 F.3d at 1364. "The touchstone of this analysis is whether the defendant has certain minimum contacts with the state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Waite*, 901 F.3d at 1312 (citation modified). This "inquiry focuses on the relationship among the defendant, the forum, and the litigation." *Id.* (citation modified). It "ensures that a defendant is haled into court in a forum state based on the defendant's own affiliation with the state, rather than the

random, fortuitous, or attenuated contacts it makes by interacting with other persons affiliated with the state. *Id.* (citation modified).

After reviewing the record, we conclude that the district court lacked personal jurisdiction over the defendants. Stinson failed to carry his initial burden of alleging facts in the complaint sufficient to make out a prima facie case of personal jurisdiction. Indeed, the complaint contained no allegations showing that any defendant had any contacts with Florida and thus failed to establish that there was jurisdiction under Florida's long-arm statute. *See United Techs. Corp.*, 556 F.3d at 1274.

On top of that, the defendants came forward with evidence detailing their lack of contacts with Florida, which showed that Florida's long-arm statute was not satisfied. At that point, the burden shifted back to Stinson to produce evidence supporting personal jurisdiction. *See id.* But he introduced no evidence and thus failed to carry his burden. Accordingly, we affirm the district court's order dismissing Stinson's complaint.

**AFFIRMED.**